[Sac. No. 5043. In Bank.—July 29, 1936.]

FRED STEVENS et al., Petitioners, v. THE SUPERIOR COURT OF SAN JOAQUIN COUNTY, Respondent.

Bronson, Bronson & Slaven for Petitioners.

Gumpert & Mazzera and C. H. Hogan for Respondent.

THE COURT.—This is an application for a writ of prohibition to restrain the respondent court from proceeding with a new trial pursuant to its order made October 29, 1935, vacating and setting aside a previous order denying the motion for a new trial and granting a new trial on the issue of damages alone.

In an action for damages for personal injuries M. Carpino recovered a judgment of $3,000 against the petitioners, and subsequently moved for a new trial, which motion was denied on October 5, 1935, the order reciting that the motion was made upon several grounds, among them the giving of an erroneous instruction and the insufficiency of the evidence to justify the verdict; that upon argument both grounds were urged; that the court would have granted a new trial on the ground of the erroneous instruction but for the filing of a waiver of a new trial except as to the question of damages, and that the evidence was sharply conflicting and the verdict amply supported. The entry of the order in the minutes by the clerk omitted all recitals of the reasons for the order denying the motion for a new trial.

On October 29, 1935, on its own motion, the court made its order vacating and setting aside the order of October 5, 1935, denying a new trial, and granting a new trial on the question of damages alone. The order recited that plain-

tiff had urged two grounds in support of his motion for a new trial on the question of damages, the giving of an erroneous instruction and insufficiency of the evidence; that, after the motion was argued and submitted on briefs urging both grounds, plaintiff filed a waiver of a new trial as to any other issue; that the court in reading such a waiver by mistake concluded that the plaintiff thereby waived all grounds previously urged in support of the motion except the ground of insufficiency of the evidence; that, by reason of such neglect, oversight, accident and mistake in the reading of the waiver and conclusion as to its effect, the court "inadvertently and improvidently made and caused to be entered in said matter its order denying plaintiff's motion for a new trial, at the same time expressing its opinion that the plaintiff was entitled to a new trial and that the court would have granted a new trial upon the ground that an erroneous instruction had been given, except for said waiver filed by plaintiff''; that upon a further reading it clearly appeared that plaintiff did not, by such waiver, waive any ground or reason previously urged in support of his motion for new trial on the single issue of damages and he was therefore entitled to a new trial upon the ground that there was an error of law in the giving of the prejudicially erroneous instruction. The entry by the clerk omitted these recitals.

The writ of prohibition is asked upon the ground that by the first order the court exhausted its jurisdiction to pass upon the motion and that it had no power to vacate its order.

█ The contention that the minute entry made by the clerk is controlling rather than the written formal order of the court cannot be sustained. (*Bailey* v. *Superior Court*, 215 Cal. 548 [11 Pac. (2d) 865]; *Willis* v. *Superior Court*, 214 Cal. 603 [7 Pac. (2d) 303]; *Rose* v. *Superior Court*, 140 Cal. App. 418 [35 Pac. (2d) 605].) The question, therefore, is whether the recitals disclose an inadvertence or mistake which the court had power to correct of its own motion or on *ex parte* application.

█ While a court has power to correct mistakes in its records and proceedings, and to set aside judgments and orders inadvertently made, which are not actually the result of the exercise of judgment, it has no power, having once made its decision after regular submission, to set aside or amend for judicial error. (Freeman on Judgments, vol. 1,

p. 432, sec. 220; *Drinkhouse* v. *Van Ness,* 202 Cal. 359 [260 Pac. 869]; *Holtum* v. *Greif,* 144 Cal. 521 [78 Pac. 11]; *Egan* v. *Egan,* 90 Cal. 15 [27 Pac. 22]; *Wiggin* v. *Superior Court,* 68 Cal. 398 [9 Pac. 646].)

█ We are of the opinion that the instant case presents an attempt to correct judicial error, even though the trial court recites that the first order was made by inadvertence. It appears that the inadvertence consisted of misinterpreting and misconstruing a waiver of all claims to a new trial, other than on the issue of damages, as a waiver of all grounds upon which a new trial was claimed on that issue, except the ground of the insufficiency of the evidence. Both the first and second orders recite that the motion was denied because the court so understood the waiver, that the court was of the opinion that the plaintiff was entitled to a new trial on the ground of the giving of an erroneous instruction. The second order recites that this construction of the waiver was the result of oversight, neglect, accident and mistake in the reading of the waiver and in the conclusion as to its effect, that upon a further reading it appeared the waiver did not operate to waive any ground previously urged. This is not a case where the order as entered by the clerk is not the order made by the court (*Lauchere* v. *Lambert,* 210 Cal. 274 [291 Pac. 412]; *People* v. *Curtis,* 113 Cal. 68 [45 Pac. 180]; *Kaufman* v. *Shain,* 111 Cal. 16 [43 Pac. 393, 52 Am. St. Rep. 139]; *Robbins* v. *Jenkins,* 9 Cal. App. (2d) 580, 581 [50 Pac. (2d) 826]; *Beall* v. *Erickson,* 113 Cal. App. 36 [297 Pac. 960]); where the court failed to express its intention by the order actually made (*Estate of Willard,* 139 Cal. 501 [73 Pac. 240, 64 L. R. A. 554]; *Carter* v. *J. W. Silver Trucking Co.,* 4 Cal. (2d) 198 [47 Pac. (2d) 733]); where there was an irregularity which made the order or judgment premature (*Whitney* v. *Superior Court,* 147 Cal. 536 [82 Pac. 37]; *Harris* v. *Minnesota Investment Co.,* 89 Cal. App. 396, 398 [265 Pac. 306]; *Burbank* v. *Continental Life Ins. Co.,* 2 Cal. App. (2d) 664 [38 Pac. (2d) 451]); nor where the court was ignorant of some fact material to the action taken by it (*Watkins* v. *McCartney,* 70 Cal. App. 137 [232 Pac. 982]). The situation here more closely approaches the cases of *Egan* v. *Egan, supra, Coombs* v. *Hibbard,* 43 Cal. 452, and *Owen* v. *Crocker-Huffman L. & W. Co.,* 38 Cal. App. 649 [177 Pac. 299], in all of which it was held that, all of the

matters before the court at the time of the making of the second order having been considered by it at the time of the making of the first order, it cannot, simply because upon a reexamination of the same matters it has reached a different conclusion, give effect to the second determination of the same issue by modifying or annulling the original order or judgment. This is judicial error and is subject to review only upon appeal, the same as any other mistake due to a failure to give proper consideration to a bit of evidence or to the effect of evidence. ''Misapprehension as to the nature and extent of the testimony or of the effect of the testimony is not inadvertence,'' according to *Owen* v. *Crocker-Huffman L. & W. Co., supra.* Paraphrasing this language, we must say that misapprehension as to the effect of the waiver is not inadvertence.

It is ordered that the writ of prohibition issue as prayed.