[L. A. No. 15551. In Bank.—April 29, 1938.]

In the Matter of the Estate of W. I. BURNETT, Deceased. LUCENA BURNETT, Appellant, v. G. C. BURNETT et al., Respondents.

Robert B. Gaylord and W. R. Bailey for Appellant.

Russell & Heid for Respondents.

EDMONDS, J.—The controversy presented in this case concerns the effect of an order made *nunc pro tunc* purporting to amend a minute order and an order signed and filed the same day admitting two testamentary documents to probate.

W. I. Burnett died in 1929. His widow, the appellant here, and seven children, survived him. Shortly after his death, G. C. Burnett, a son, filed a petition for probate of a will dated December 24, 1915, and a codicil thereto made October 16, 1925, which were alleged to be "the last will and testament and codicil thereto of said decedent". By the terms of this will and the codicil, which were filed with the petition, the appellant was given one-half of all her husband's estate and G. C. Burnett was appointed "administrator".

On August 16, 1929, another will dated May 5, 1927, was filed. This instrument recited that the testator had deeded

to his wife a one-half interest in certain designated real property and the other one-half to "my ayers", naming the seven children, and directed that all other property be divided equally between his wife and the heirs mentioned. No petition for the probate of this later will was filed. Upon a hearing, the petition for the admission of the will of 1915 and its codicil of 1925 was granted by an order in writing signed by the judge and endorsed "Filed Sep 3, 1929".

By subsequent proceedings, administration of the estate was carried to a decree of final distribution which disposed of Mr. Burnett's property in accordance with the probate judge's construction of the will of May 5, 1927. The testator's widow took an appeal from this decree on the ground that the will on which it was based had never been admitted to probate. During the pendency of that appeal, the seven children, without notice to their mother, presented to the probate court an affidavit of the county clerk stating that the order of September 3, 1929, admitting the 1915 will and 1925 codicil to probate was incorrect, and that in fact the order made by the court on that day denied probate of the 1915 will and admitted the 1927 will. Upon this affidavit the court, on March 4, 1935, made an order correcting the minute order of September 3, 1929, and the signed order of the same date, *nunc pro tunc* to admit the instruments dated October 16, 1925, and May 5, 1927, to probate as the testator's will and codicil. The signed order as corrected still recited that all the allegations of the petition for probate of the 1915 will were true.

This *nunc pro tunc* order was considered upon the appeal from the decree of distribution, and it was held that the portion of the order purporting to admit the 1927 will to probate was void, no petition having been on file for the admission of that will. (*Estate of Burnett*, 6 Cal. App. (2d) 116 [44 Pac. (2d) 435].) However, the effect of the order upon the 1915 will and the 1925 codicil was not passed on. That is the question presented by the present appeal.

There is no merit in the respondents' contention that because the order in question was made after the decree of distribution it is not appealable. This appeal must be deemed to have been taken from the order admitting the will to probate as amended by the *nunc pro tunc* order. Such an order is appealable. (Probate Code, sec. 1240.)

■ The respondents contend that the issue presented by the present appeal has become moot because the 1927 will is now admitted to probate by another order which has become final. They state that on November 14, 1935, the superior court granted a petition for the probate of the will dated in 1927 and made an order accordingly. However, the transcript on appeal does not show any proceedings subsequent to the order made on March 4, 1935, from which this appeal was taken. Under these circumstances the appeal will not be dismissed.

■ Admittedly a trial court upon its own motion or on *ex parte* application, has jurisdiction to correct mistakes in its orders and records which are not actually the result of the exercise of judgment. (*Lauchere* v. *Lambert*, 210 Cal. 274 [291 Pac. 412]; *Estate of Willard*, 139 Cal. 501 [73 Pac. 240, 64 L. R. A. 554]; *Carter* v. *J. W. Silver Trucking Co.*, 4 Cal. (2d) 198 [47 Pac. (2d) 733].) But where the error is inherently judicial rather than clerical or inadvertent, the court has no power to amend its decision. (*Stevens* v. *Superior Court*, 7 Cal. (2d) 110 [59 Pac. (2d) 988]; *Drinkhouse* v. *Van Ness*, 202 Cal. 359 [260 Pac. 869]; *Egan* v. *Egan*, 90 Cal. 15 [27 Pac. 22].)

■ The order sought to be amended by the respondents in this case measures up to all the formalities required by section 1704 of the Code of Civil Procedure (now Probate Code section 1221). A hearing on a petition for the probate of a will is a proceeding *in rem,* binding on all persons interested in the will. (*Estate of Parsons*, 196 Cal. 294, 299 [237 Pac. 744]; *Estate of Baker*, 170 Cal. 578, 585 [150 Pac. 989].) An order made in such proceedings is a formal record representing the performance of a judicial act and the exercise of judicial discretion. ■ The 1915 will and 1925 codicil being the only two testamentary documents of the decedent properly before the court, it had no choice but to admit them to probate (*Estate of Burnett, supra*). The recital in the order made *nunc pro tunc* that a clerical error had crept into its first order is not conclusive of either the fact or the nature of the error (*Stevens* v. *Superior Court, supra,* p. 113), although where such an order rests upon evidence in which there is a substantial conflict, it will not be disturbed upon appeal. (*Kaufman* v. *Shain*, 111 Cal. 16 [43 Pac. 393, 52 Am. St. Rep. 139].) But where the facts

upon which the court acted are undisputed and only one conclusion can be drawn from them, the appellate court is not bound by the order made below. Any statement to the contrary in the case of *Kohlstedt* v. *Hauseur,* 24 Cal. App. (2d) 60 [74 Pac. (2d) 314], was inadvisedly made and is disapproved.

The appellant has moved for a diminution of the record to allow the filing of a certified copy of the signed order dated September 3, 1929, and a like copy of the order of March 4, 1935, because the transcript does not show that each of them was filed. That omission should be corrected. The motion for diminution is granted and the order appealed from is reversed.

Shenk, J., Langdon, J., Seawell, J., Waste, C. J., Curtis, J., and Houser, J., concurred.