[L. A. No. 16671.   In Bank.   Dec. 19, 1941.]

S. B. BASTAJIAN, as Administrator With the Will Annexed, etc., Appellant, v. JAMES E. BROWN et al., Respondents.

Astor Elmassian, C. P. Von Herzen, George C. Woods, Frank S. Hutton and Paul Vallée for Appellant.

Pfanstiel & Fox and James G. Pfanstiel, as *Amici Curiae*, on behalf of Appellant.

Reynolds & Painter, Thomas Reynolds, Sidney A. Cherniss, John W. Preston, Ray H. Kinnison and Richard Hungate for Respondents.

CARTER, J.—This action was commenced by plaintiff, Blanche H. Comstock, against defendants to quiet title to real property based on the claim that two trust deeds thereon and a conveyance thereof to defendants were obtained by fraud and undue influence and that the consideration was inadequate. Defendants' theory of defense was, that the trust deeds held by them and encumbering the property were valid, and that the conveyance of the property was made to them in consideration of the satisfaction of the trust deeds and the payment of a small sum of money. The case was tried and submitted to the court for decision, and on May 14, 1936, the following minute entry was made: ''395524. Blanche H. Comstock v. James E. Brown, et al. Cause heretofore tried and submitted, the court now orders judgment for defendants.'' A year expired during which time no findings of fact and conclusions of law were submitted to the court. On about May 11, 1937, findings of fact and conclusions of law and a judgment prepared by C. P. Von Herzen, one of plaintiff's attorneys, were filed by him with the clerk to be presented to the judge; they were signed by the judge and filed on June 4, 1937. That judgment determined that

the trust deeds were valid in every respect and the property was subject to them but that the conveyance of the property from plaintiff to defendants was invalid as claimed in the complaint; and that if the sums payable under the trust deeds were not paid in six months, plaintiff should no longer have any interest in the property. Prior to the signing thereof, and on May 11, 1937, a copy of the findings and judgment were served on Wilbur Bassett, one of defendants' attorneys; the service was acknowledged by him as such attorney; notice of entry of judgment was likewise served on him on June 9, 1937. No motion for a new trial was made and no appeal was taken by defendants. On August 23, 1937, defendants through substituted counsel, served and filed a notice of motion for an order of the court vacating the findings and judgment on the grounds that they did not conform to and were not the true judgment rendered by the court; that by reason of clerical mistake the findings and judgment did not conform to the judgment which the court directed to be prepared; that the judgment was rendered through the mistake, inadvertence, surprise and excusable neglect of defendants; and that the judgment was procured from the court by fraud and deception. On September 29, 1937, the trial court made the order, from which the appeal is here taken, granting the motion and vacating the findings and judgment and directing defendants to prepare findings of fact and conclusions of law and judgment in accordance with the decision of the court theretofore announced. The order of vacation finds in part as follows: ''(1) That the Findings of Fact and Conclusions of Law and the Judgment . . . do not conform to and set forth the true judgment rendered by the court herein, in that the court intended to pronounce and did pronounce judgment in this action in favor of the defendants upon all of the issues presented, and decreed, among other things, that the deed conveying the premises involved in this action to the defendants Brown was valid and in force and effect and conveyed good title to them, while said Findings of Fact and Conclusions of Law and said Judgment inadvertently and erroneously contained findings against said defendants and in favor of the plaintiff, and inadvertently and erroneously decreed that said deed be set aside, which was not the judgment of this court; that said Findings of Fact and Conclusions of Law and said Judgment were signed by this

court inadvertently and by mistake, and did not express the intent of this court nor the true judgment rendered herein, and that the signing of the same by said court constituted a clerical mistake;

"(2) That said Findings of Fact and Conclusions of Law and said Judgment were made and rendered against said defendants through the mistake, inadvertence, surprise and excusable neglect of said defendants and their counsel, under circumstances which involved the illness and death of the chief counsel for said defendants, all as particularly set forth in the affidavits on file herein;

"(3) That at the time of the presentation of said Findings of Fact and Conclusions of Law and said Judgment to this Court for signature approximately one year had elapsed since this Court had announced its decision herein and had judicially determined the issues of this case, and that said Findings, Conclusions and Judgment were signed by this Court in reliance upon the representations of plaintiff's counsel then and there made to this Court that the instruments so presented for signature contained the true Findings, Conclusions and Judgment of this Court . . . as previously announced by the Court; that the statement to this Court that said instruments . . . did contain the true judicial determination of the issues of this action was untrue in that said instruments contained provisions contrary to the actual decision made and announced by this Court, and inconsistent with and different from the judicial determination of the issues herein involved, and that the presentation of said Findings of Fact and Conclusions of Law and said Judgment to this Court for signature constituted a fraud and deception practiced upon this Court in misrepresenting and misstating the true decision of the Court after the lapse of a long period of time. . . . "

From the affidavits filed in support of and in opposition to the motion it appears that the following events transpired. Defendants originally employed W. D. Spalding as counsel to represent them in the action. Spalding associated Wilbur Bassett as co-counsel in the case, and informed defendants of the association and that Bassett would conduct the trial. Bassett conducted the trial, Spalding also being present. On May 15, 1936, one of the defendants was informed by Spalding that defendants had prevailed and nothing more remained to be done; the attorney's fee was paid to Spalding.

Defendants first had personal knowledge that judgment was rendered for plaintiff instead of in their favor in August, 1937; Bassett, of course, had prior knowledge as above shown. Spalding became ill and died shortly after the trial. According to the affidavit of Bassett, he prepared a draft of findings and judgment after being advised on May 14, 1936, that defendants were to have judgment and mailed them to Spalding who he presumed presented and filed them. When the findings prepared and filed by plaintiff's counsel were served upon him about a year later he observed the same to be contrary to the court's prior minute order and, being unsuccessful in his endeavor to locate defendants, mailed a letter dated May 12, 1937, to the judge which read: "Findings drawn by C. P. Von Herzen have been left at my office. I drew findings a year ago in this cause and sent them to W. D. Spalding. Brown was his client and I was employed to try the case for Spalding. I do not know where Brown is and you know Spalding has been dead several months. I have no file. My recollection is that Von Herzen is not entitled to any such findings. VI and VII (holding the conveyance invalid) are pure bunk. Why Spalding did not close this case I do not know, except that his health became shaky, and he did only what he had to." According to the affidavit of C. P. Von Herzen, plaintiff's counsel, after a year had elapsed and no findings were forthcoming, he prepared findings and judgment favorable to plaintiff which he served on Bassett and on May 3, 1937, filed with the clerk for presentation to the judge; and that ten days thereafter he made inquiry of the clerk of the court concerning the same and was informed by him that the letter written by Bassett had been received; that the judge informed him that he would wait a few days for the presentation of other findings, and the judge would then decide which findings he would sign; that on June 4, 1937, the judge signed and filed the findings and judgment presented by Von Herzen, and on June 9, 1937, a notice of entry of judgment was served on Bassett; that between the filing of the findings presented by him and the signing thereof the judge informed him that he intended to sign those findings. There is conflicting evidence on the subject of whether Bassett was defendants' attorney and authorized to represent them, or

was merely employed for the trial only by Spalding who was originally retained.

Defendants' motion invokes the inherent power of a court to vacate and correct its judgments, which because of clerical error are improvidently or inadvertently made, as well as the power under section 473 of the Code of Civil Procedure to correct clerical errors, and to vacate judgments as the result of accident, surprise and excusable neglect on the part of the parties or their counsel. In view of the conclusion reached herein we will not discuss the rights with respect to the exercise of the last-mentioned power.

█ Independently of statute a trial court has power to correct mistakes and to annul orders and judgments inadvertently or improvidently made. (*Stevens* v. *Superior Court,* 7 Cal. (2d) 110 [59 Pac. (2d) 988] ; *Treat* v. *Superior Court,* 7 Cal. (2d) 636 [62 Pac. (2d) 147].) While a court has power to set aside judgments and orders inadvertently made which are not actually the result of the exercise of judgment, it has no power, having once made its decision after regular submission, to set aside or amend judicial error except under appropriate statutory procedure. (*Stevens* v. *Superior Court, supra.*)

█ We are satisfied that the error of the court was not a judicial one. The judge's solemn declaration and finding in the order vacating the judgment was that the findings and judgment "do *not conform to and set forth* the *true judgment* rendered by the court, in that the court *intended* to pronounce judgment . . . in favor of the defendants upon all the issues presented. . . . " That declaration cannot be wholly disregarded nor lightly brushed aside. It was a declaration of a fact that was concealed in the mind of the judge, and no one was in a better position than he to state his true intent. He may have failed to read the findings and judgment before signing them. He may have supposed they were in favor of defendants. His declaration may be construed to so indicate. Under such circumstances it is obvious that the findings and judgment would not *in fact* be the decision actually intended to be rendered by him, or that he in the exercise of judicial authority arrived at. While it may be that certain circumstances tend to contradict that declaration of the judge, such as the letter sent to the judge by defendants' counsel Bassett, the conversations between plain-

tiff's counsel Von Herzen and the judge, and the lapse of time between the presentation and signing of the findings, we are not inclined to disturb the judge's order of vacation or find that his declaration was untrue in the light of other evidence supporting them. ■ The facts within the personal knowledge of the judge may be considered, and in vacating or correcting a clerical error or mistake he may give effect of his own recollection. The declaration in the order vacating the judgment has a direct bearing on the existence of such error. (*Livesay* v. *Deibert*, 3 Cal. App. (2d) 140, 147 [39 Pac. (2d) 466]; *Kaufman* v. *Shain*, 111 Cal. 16 [43 *Pac.* 393, 52 Am. St. Rep. 139]; *King* v. *Emerson*, 110 Cal. App. 414 [288 Pac. 1099, 294 Pac. 768]; *Estate of Burnett*, 11 Cal. (2d) 259 [79 Pac. (2d) 89]; *Estate of Goldberg*, 10 Cal. (2d) 709 [76 Pac. (2d) 508]; and *Carpenter* v. *Pacific Mut. Life Ins. Co.*, 14 Cal. (2d) 709 [96 Pac. (2d) 796].) The record is not lacking in evidentiary support of the judge's declaration. ■ As heretofore mentioned a minute entry was made shortly after the trial of the case in which judgment was ordered for defendants. While that minute entry was not the decision or judgment of the court and the opinion thereby expressed was not binding upon the court (*Phillips* v. *Hooper*, 43 Cal. App. (2d) 467 [111 Pac. (2d) 22]; *Scholle* v. *Finnell*, 173 Cal. 372 [159 Pac. 1179]), it must be true that it is evidence of the intent of the court as to the decision, findings of fact and conclusions of law, he intended to ultimately make. It may be inferred therefrom that his intent was the same when he in fact did sign findings, and as those findings were contrary to the intention so expressed, the signing thereof was a clerical error. It also appears that in the latter part of May, 1936, after the minute entry was made the judge informed Sidney A. Cherniss that he had decided the case in favor of defendants on all of the issues. ■ The signing of the findings does not necessarily establish that an error in a judgment is a judicial one. (See *Bemmerly* v. *Woodward*, 124 Cal. 568 [57 Pac. 561].) ■ The trial court's finding upon conflicting evidence that a clerical error exists and the nature thereof, is conclusive upon this court. (*Estate of Burnett, supra.*)

*Stevens* v. *Superior Court, supra*, strongly relied upon by plaintiff, rather than supporting his view, is particularly illustrative of the distinction between a clerical and a ju-

dicial error. There an order denying a motion for a new trial was vacated on the ground that the judge had misinterpreted a waiver filed in connection with the motion, he believing that the waiver was of any error with respect to certain jury instructions. In its order vacating its order of denial the court recited that the latter order was inadvertent "by reason of such neglect, oversight, accident and mistake in the reading of the waiver and *conclusion as to its effect.*" Obviously the court's error in its conclusion as to the effect of the waiver or its error in the interpretation thereof was judicial. It exercised its judgment on the issue of how the waiver should be construed and its legal effect. But where the judgment as signed does not express the actual judicial desire or intention of the court at all, but is contrary thereto, the signing of such purported judgment is a clerical error rather than a judicial one.

The order is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., and Traynor, J., concurred.

EDMONDS, J., Dissenting.—In failing to perceive that the order appealed from was the correction of a judicial error and not an alteration made necessary by inadvertence or misprision, the majority opinion, I believe, has departed from the well established rule which compels a contrary determination. A court, so the rule declares, may correct clerical errors or mistakes in its records and proceedings because such correction does not change a judicial act previously done, but is an alteration to make the record speak the truth. It may also set aside judgments and orders made prematurely, or through inadvertence, as this presents no question of judicial review upon the merits. But it has no power, once it has made a decision after regular submission of the case, to set aside or amend for judicial error, especially when the only reason for so doing is that the judge has come to a conclusion contrary to that expressed by the earlier adjudication. (*Stevens* v. *Superior Court*, 7 Cal. (2d) 110 [59 Pac. (2d) 988], and cases cited; *Harth* v. *Ten Eyck*, 16 Cal. (2d) 829 [108 Pac. (2d) 675], at p. 832.)

Here the evidence shows without contradiction that the trial judge signed the findings of fact and the judgment after

having them under consideration for several weeks. No other findings in the case were presented. He had before him also a letter of protest from defendant's counsel charging that they were, at least in part, "pure bunk." In his order he stated that he intended to pronounce judgment in favor of the defendants and the decision affirming it is placed, in large measure, upon his declaration to that effect.

The recitals in an order of a trial judge that a judgment was signed by him as a result of a clerical error are not conclusive upon an appellate court (*Estate of Burnett*, 11 Cal. (2d) 259 [79 Pac. (2d) 89]; *Stevens* v. *Superior Court*, *supra*), and in the present case, the record is absolutely devoid of any evidence to support the statement that a clerical error was made. On the contrary, there is ample support for the conclusion that any error committed in giving judgment for the plaintiff was a judicial one and subject to correction only upon timely motion for a new trial or by appeal.

Houser, J., concurred.

Appellant's petition for a rehearing was denied January 15, 1942. Edmonds, J., and Houser, J., voted for a rehearing.