[Civ. No. 17285. Second Dist., Div. One. Feb. 17, 1950.]

J. A. HAGAN, Appellant, v. MUND'S BOILERS, INC. (a Corporation), Respondent.

Jesse A. Hamilton for Appellant.

Paul Gordon and Melvin E. Fink for Respondent.

DORAN, J.—This is an appeal from an amended judgment entered by the trial court on November 24, 1948, pursuant to notice served on the plaintiff-appellant, and superseding an original judgment entered July 13, 1948, after a trial without jury. The question raised on this appeal is in reference to the trial court's power to set aside the original judgment and to substitute therefor a new and different decision making payment of the money judgment conditional upon a return to defendants of a boiler sold to the plaintiff.

The controversy herein arose out of a sale by respondents to appellant of "one 15 Horse Power Mund Automatic Boiler" which according to the complaint, respondent corporation had "warranted and guaranteed . . . would produce a low moisture or dry steam which could be injected in cheese to be processed by plaintiff." The price alleged to have been paid by appellant was $1,674.51.

Appellant's complaint, entitled "Complaint for Recission of a Contract," is in three counts. The first count sets up the terms of the sale, alleges notice of rescission, and seeks repayment of the purchase price. A second count is for the recovery of $500 expended in making adjustments and repairs recommended by the seller; the third count asks $5,000 in damages resulting from appellant's inability "to manufacture and produce processed cheese and cheese foods, and lost sales thereof," because of the defective boiler furnished. The answer admits the sale of the boiler but is otherwise a general and specific denial that there was any rescission, any liability, or any damage.

The trial court found that the boiler was furnished and warranted as alleged; that appellant paid $1,511.88 for the same; that the apparatus did not produce steam sufficiently dry for cheese processing. The court then concluded "That the plaintiff is entitled to judgment against the defendant, Mund Boilers, Inc. . . . for the sum of $1,011.88," and judgment was rendered accordingly. The theory on which the judgment was rendered does not appear of record, nor does it appear how the court arrived at the amount of the judgment. It will be noted, however, that the decision is but a plain money judgment in favor of appellant without any conditions to be fulfilled by appellant. Neither minute entry, findings, conclusions or

judgment suggest that it was contemplated that appellant should return the boiler purchased.

Thereafter a 30-day stay of execution was granted, and a motion for a new trial was argued and denied. After the expiration of the statutory time for appeal from the original judgment, a further stay of execution was secured ex parte, and respondents filed a motion to vacate the judgment on the ground of "mistake, inadvertence, surprise or excusable neglect" under Section 473 of the Code of Civil Procedure. Supporting this motion is an affidavit by one of respondents' attorneys stating that at the trial the court rules "that the Defendants were entitled to the return of the . . . boiler. . . . That said proposed judgment so prepared by said plaintiff (and signed by the court) failed to provide for the return or redelivery of said . . . boiler." The affidavit then avers that said attorneys "relying on the plaintiff's understanding of said ruling and upon said plaintiff's sense of fairness, equity and justice, did not require that the judgment provide for the return of said boiler." When defendants tendered the amount of the judgment, plaintiff refused to return the boiler since the judgment contained no such requirement.

The respondents therefore petitioned the trial court, under the authority of said section 473, for the vacation of the original judgment "and the entry of a new judgment," requiring appellant to return the boiler "in the condition the same was on or about the 10th day of October, 1946, reasonable wear and tear from ordinary use thereof since that date excepted." This relief was granted to the respondents, and on November 24, 1948, such an amended judgment was signed by the trial court.

It is appellant's contention that no error was committed by the court in entering the original judgment which it is argued, is consistent with the findings; that if any error was committed, it was judicial and not clerical in nature and could not be corrected by making payment of the judgment conditional upon plaintiff's return of the boiler, after time· for appeal had expired. Appellant's briefs further aver that there was no "mistake, inadvertence, surprise or excusable neglect," within the meaning of section 473 of the Code of Civil Procedure. It is further pointed out that the amended judgment requiring return of the boiler "in the condition the same was on or about the 10th day of October, 1946, reasonable wear and tear from ordinary use thereof since that date excepted,"

is too uncertain for enforcement, and can only lead to another lawsuit.

The respondents' position is that "The Court, under its inherent power to include a matter inadvertently omitted from a judgment, can enter an amended judgment," and that under section 473, a remedial provision to be construed liberally, the trial court properly amended the judgment to promote the ends of justice. Respondent deems the omission in the original judgment a clerical rather than a judicial error.

Unfortunately, the record herein throws but little illumination upon the question in controversy. The minute order recording the granting of defendants' motion to vacate the original judgment merely states that the motion is granted. No amendment to the original findings was suggested, ordered or made.

The amended judgment, subject to attack herein, merely recites that the original judgment is vacated, "it satisfactorily appearing . . . that the said judgment was rendered against said defendant by reason of his surprise, inadvertence and excusable neglect." The record nowhere contains any statement by the trial judge as to the circumstances surrounding the entry of the original judgment other than that just quoted. The personal recollection of the trial judge as to this important matter is not recorded.

All that is clear is that the original minute order, findings and conclusions, and the original judgment itself, make no mention of a return of the boiler to defendants, and attach no conditions whatsoever to the payment by defendants to plaintiff of the money judgment. Whether this original money judgment was rendered on the theory of rescission of the contract, or on the theory of affirmance thereof and damages, or how the trial court arrived at the amount of the judgment are questions upon which the record throws no light.

The rule, as stated in 14 California Jurisprudence pages 993-1000, is that a court may in a proper case, amend a judgment "to make it conform to the decision actually rendered," and may correct "clerical errors or misprisions, as distinguished from 'judicial' errors." Nevertheless, "Proceedings for the amendment of judgments should not be permitted to become revisory or appellate in their nature, and ought never to be the means of modifying or enlarging the judgment or the judgment record so that it shall express something which the court did not pronounce, even though the

proposed amendment embraces matter which clearly could or even should have been pronounced.''

The statement last quoted is particularly applicable to the present situation. If the defendants were dissatisfied with the original judgment, the remedy of appeal was available. The alleged objectionable features of the original judgment must have been as apparent when that judgment was rendered and entered as they were some four months later.

Moreover, a motion for new trial was made, argued and denied. As commented on in appellant's brief, among other grounds for a new trial, defendants alleged that the evidence and findings were insufficient to justify the judgment; that the judgment was against and contrary to law; and that the court had wrongfully refused ''to amend the findings as requested by said defendant.'' Again it may be said that any objection to the judgment must have been fully apparent to respondents at that time.

If the modification of the judgment in the present case is to be deemed the correction of a mere ''technical'' error, as respondents contend, it is difficult to imagine what a ''judicial'' error might be. Certain it is that no adjudicated case on this subject has gone so far as to justify the amendment here made. When it is considered that the purport of the original judgment and of the findings supporting it was to give the plaintiff an unqualified money judgment of $1,011.88, and that, after time for appeal had expired, the trial court at defendant's suggestion modified such judgment by attaching thereto a condition that plaintiff return the boiler to defendants, it will be seen that the amendment was anything but ''technical'' in nature. Rather, the amendment completely changed the complexion of the judgment.

The case of *Bastajian* v. *Brown*, 19 Cal.2d 209 [120 P.2d 9] has been cited as justifying the present amendment. The facts, however, are in no manner similar to those here presented. In that case the record disclosed that a minute order was made shortly after the trial of the case in which judgment was ordered for defendants; later, through some inadvertence findings and judgment were signed which were completely contrary to the judgment ordered. In setting aside the judgment the trial judge declared that the findings and judgment signed ''do not conform to and set forth the true judgment rendered by the court.'' The reviewing court took the view that the error was a clerical one which it was proper for the trial court to correct.

In *Morgan* v. *State Board of Equalization* (1949), 89 Cal. App.2d 674 [201 P.2d 859], the court, while recognizing the power to correct "clerical" errors, nevertheless holds that where a judgment denying a writ of review had been entered and the record discloses no clerical error, the court had no power to render a subsequent judgment or order discharging the writ and thereby correct judicial errors in the first judgment. In this case the reviewing court said that "where the amendment is substantially different from the original order or substantially changes the rights of the parties . . . if the court is purporting to correct a clerical error, it should say so, or there should be something in the record to show it."

While it is doubtless true that such a statute as section 473 of the Code of Civil Procedure, permitting relief "from a judgment . . . taken against him through his mistake, inadvertence, surprise or excusable neglect," is entitled to a reasonably liberal construction, such principle cannot, under the circumstances herein disclosed, furnish an excuse for such a drastic amendment as that here involved. Section 473 was never intended as a substitute for an appeal or other remedial provisions designed to assist a party who is dissatisfied with a judgment rendered against him.

In the instant case, the record discloses no indication of any such mistake, etc., contemplated by the section other than the bare statement of respondent's counsel. On the contrary, as mentioned in appellant's brief, "The record shows that at every point in the proceedings . . . respondent was ably represented by counsel, that at every point mentioned the court was consistent in carrying out its original judgment in spite of the fact that various objections were raised thereto; certainly there was no mistake, inadvertence, surprise or neglect present here."

The amended judgment is reversed with directions to reinstate the judgment originally entered.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied March 6, 1950, and respondent's petition for a hearing by the Supreme Court was denied April 17, 1950. Shenk, J., and Spence, J., voted for a hearing.