HOYT, J.
 

 This is an appeal from an order denying a motion for a change of venue. On October 13, 1955, plaintiff filed a complaint against defendant containing two causes of action: (1) a cause of action on an alleged conditional sales contract, and (2) a common count for moneys due and owing. In due time the defendant filed a motion for change of venue supported by an affidavit which alleged his residence at all times pertinent to this action to be in the county of Los Angeles; that if any contract was entered into between plaintiff and defendant, said contract was made in the county of Los Angeles and that the goods mentioned in the purported contract were to be received by defendant in said county of Los Angeles. At the same time defendant filed an affidavit of merits, a demurrer and a memorandum in support of the motion and demurrer.
 

 On
 
 November 23, 1955,
 
 defendant’s motion for change of venue was argued and taken under submission by the court with the request that counsel submit authorities. On De
 
 *Supp. 901
 
 comber 2, 1955, plaintiff filed an affidavit in opposition to the motion for change of venue. On December 12, 1955, defendant filed a notice of motion to strike said affidavit. On December 15, 1955, said motion was argued and submitted.
 

 On December 27, 1955, the following minute order was entered: “All authorities having been presented, motions submitted; Motion to strike affidavit granted; Motion for change of venue granted.
 

 “It Is Ordered that this action, together with all papers and files, be transferred to the Municipal Court for the Los Angeles Judicial District, County of,Los Angeles, State of California, upon prepayment of fees.”
 

 On December 29, 1955, the following minute order was entered: “It Appearing To The Court That, through clerical error, the above-entitled action was ordered transferred to the Municipal Court for the Los Angeles Judicial District, County of Los Angeles, California, on the 27th day of December, 1955, and that this is incorrect, and erronneous; therefore,
 

 “It Is Ordered that the order transferring said cause to Los Angeles Municipal Court, and entered in Minute Book No. 155, at page 2196, is hereby vacated and set aside.”
 

 Thereafter, on January 9, 1956, the following minute order was entered: “Motion of defendant for change of venue and to strike affidavit on file herein heretofore heard and submitted; now called for decision.
 

 “It is Ordered that motion of defendant for change of venue and to strike affidavit on file herein be and the same is hereby Denied. (See
 
 Armstrong
 
 v.
 
 Smith,
 
 49 Cal.App. [2d 528] at page 586.”
 

 Defendant has appealed from the order of January 9, 1956.
 

 Appellant attacks the decision of the trial court on its merits and also contends that the order of January 9th is void because no clerical error appears on the face of the record and that the court was correcting judicial error in a manner not authorized by law.
 

 The complaint alleged that defendant agreed to purchase certain merchandise from plaintiff and to pay for the same in installment payments and that “Said contract . . . provided that said installment payments be made at the Oakland Main Office of Bank of America National Trust and Savings Association in the City of Oakland, County of Alameda, State of California; ...”
 

 Defendant’s affidavit in support of his motion for change
 
 *Supp. 902
 
 of venue did not controvert the above-mentioned allegation of the complaint. The averments of the complaint are to be deemed true upon a motion for change of venue, at least to the extent that they are not controverted.
 
 (Ward Manufacturing Co.
 
 v.
 
 Miley,
 
 131 Cal.App.2d 603, 606 [281 P.2d 343].) It therefore follows that the county of Alameda was a proper county in which to try this action unless the second cause of action is transitory in nature. (Code Civ. Proc., § 395;
 
 Armstrong
 
 v.
 
 Smith,
 
 49 Cal.App.2d 528 [122 P.2d 115].) A reading of the second cause of action and the prayer of the complaint make it clear that the second cause of action is based upon the same set of facts as the first cause of action. Under this circumstance the second cause of action is to be considered not as a different cause of action but as an alternative method of pleading the plaintiff’s right to recovery. In such a situation the defendant is not entitled to a change of venue because of the inclusion of the common count in the complaint.
 
 (Maselli
 
 v.
 
 E. H. Appleby & Co., Inc.,
 
 117 Cal.App.2d 634 [256 P.2d 618].)
 

 Concerning appellant’s contention that the order made by the trial court on December 29, 1955, is void, it should be noted that the cases uniformly hold that courts have an inherent power to correct judgments and orders where there has been a clerical error by the clerk or by the judge himself and the correction can be made ex parte and without notice.
 
 (Morgan
 
 v.
 
 State Board of Equalization,
 
 89 Cal.App.2d 674, 677 [201 P.2d 859] and cases therein cited.)
 

 Where the new order is substantially different from the original order or substantially changes the rights of the parties, “. . . if the court is purporting to correct a clerical error, it should say so,
 
 or
 
 there should be something in the record to show it.”
 
 (Morgan
 
 v.
 
 State Board of Equalization, supra,
 
 at p. 682.) (Italics supplied.)
 

 In the instant case the trial court fully met the requirement that if it “is purporting to correct a clerical error, it should say so” by saying, “It Appearing To The Court That, through clerical error, the above entitled action was ordered transferred . . . and that this is incorrect, and erroneous ; therefore,
 

 “It Is Ordered that the order transferring said cause . . . is hereby vacated and set aside. ’ ’
 

 No ease has been cited in the briefs of the parties and there appears to be none in this state which holds that under the circumstances of the instant case the trial court needs to
 
 *Supp. 903
 
 go further than it did in this case to show that it is clerical error which is being corrected.
 

 Both sides have referred in their briefs to
 
 Estate of Burnett,
 
 11 Cal.2d 259 [79 P.2d 89]. In that ease the Supreme Court said, “The recital in the order made nunc pro tunc that a clerical error had crept into its first order is not conclusive of either the fact or the nature of the error . . . , although where such an order rests upon evidence in which there is a substantial conflict, it will not be disturbed on appeal. . . . But where the facts upon which the court acted are undisputed and only one conclusion can be drawn from them, the Appellate Court is not bound by the order made below.” This merely means that if there is a substantial conflict in the evidence as to whether the error was clerical, the trial court’s determination will not be disturbed on appeal, but if the undisputed facts show that the error was not clerical the appellate court is not bound by the trial court’s recital of the clerical error.
 

 In
 
 Bastajian
 
 v.
 
 Brown,
 
 19 Cal.2d 209 [120 P.2d 9], the trial court in its order setting aside findings and judgment declared and found that the findings and judgment “do not conform to . . . the true judgment rendered by the court, in that the court intended to pronounce judgment ... in favor of defendants ...”
 

 The Supreme Court held such a declaration to be a declaration of fact which was concealed in the mind of the judge and said it “has a direct bearing upon the existence of such (clerical) error.”
 

 The court’s declaration here that there was a clerical error is a judicial declaration and should be accepted by the reviewing court as true unless, as was held in
 
 Estate of Burnett, supra,
 
 the facts are undisputed and the only conclusion which can be drawn from them is that the error was judicial and not clerical. There is nothing in the record here to contradict the judge’s declaration that he was correcting clerical error.
 

 In its order of December 27, 1955, the trial court granted defendant’s motion to strike plaintiff’s affidavit filed after the motion for change of venue was argued and submitted. The court did not find or declare that the order granting the motion to strike plaintiff’s affidavit was made through clerical error. Consequently, the trial court’s order of January 9, 1956, denying defendant’s motion to strike the affidavit was to that extent void and of no legal effect.
 
 *Supp. 904
 

 (Drinkhouse
 
 v.
 
 Van Ness,
 
 202 Cal. 359 [260 P. 869].) Since the complaint showed that the contract was to be performed in the city of Oaldand, county of Alameda, and this was not denied, it is apparent that defendant suffered no prejudice by reason of this void order.
 

 For the reasons above stated, the order denying the motion for change of venue should be affirmed.
 

 The order is affirmed.
 

 Wagler, P. J., and Ledwich, J., concurred.