[Civ. No. 10084.   Third Dist.   Aug. 31, 1960.]

THOMPSON AND HOLMES, LTD. (a Corporation) et al., Petitioners, v. SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent; JOSEPH SINGER et al., Real Parties in Interest.

Dinkelspiel & Dinkelspiel and John F. Taylor for Petitioners.

No appearance for Respondent.

Richard A. Case and William T. Hyde for Real Parties in Interest.

PEEK, Acting P. J.—This is a petition for a writ of prohibition to prevent the Superior Court of Sacramento County from enforcing a preliminary injunction restraining petitioners from proceeding with a sale under a deed of trust.

On July 26, 1960, the respondent court denied a petition by the Singers for a preliminary injunction by which they sought to restrain petitioners from proceeding with the foreclosure of a deed of trust under which the real parties in interest herein were in default. Thereafter, on August 15, the respondent court ". . . on its own motion . . ." and without notice to petitioners made and entered its "ORDER GRANTING PRELIMINARY INJUNCTION AMENDING PREVIOUS ORDER DENYING TEMPORARY RESTRAINING ORDER." On August 19, petitioners gave notice of motion to vacate that order and for additional security. The respondent court refused to act on said motion and continued the hearing thereon until September 19, or more than two weeks after the date set for the foreclosure sale under petitioners' deed of trust. Thereupon, petitioners filed in this court their petition for a writ of prohibition. No return was made by the real parties in interest.

However, upon oral argument it was conceded by their counsel, and properly so, that the attacked order of the respondent court was void for the reasons set forth in petitioners' points and authorities; *i.e.*, since the respondent court made its decision denying the petition for a preliminary injunction it had no power to set aside or amend that order for judicial error (*Stevens* v. *Superior Court*, 7 Cal.2d 110 [59 P.2d 988]) ; and secondly, because the order was made upon the court's own motion and not upon notice it was not in conformity with the provisions of Civil Code of Procedure, section 527.

Real parties in interest, however, contend that the petition herein should be denied, since petitioners have an adequate remedy by appeal. While it is true that petitioners do have a right of appeal, it cannot be said that such right is adequate under the facts and circumstances presented. It is not denied that the holders of the senior encumbrance filed a notice of default in July of this year and, absent anything to the contrary, will be able to complete a sale thereunder in October of this year; that petitioners' deed of trust is a junior encumbrance and that the date for the sale thereunder has been set for September 2; that the respondent court has refused to act upon petitioners' motion to vacate prior to that time; and that, by virtue thereof, petitioners will be deprived

of their security. Necessarily, therefore, any right of appeal under such circumstances is wholly inadequate. (3 Witkin, California Procedure, p. 2576.)

Since we hold that the preliminary injunction previously issued by the respondent court is void there is, in effect, nothing to prohibit. However, since it is possible that further matters might arise under that order, and since petitioners have shown a basis for relief, in mandate if not in prohibition, to have said order vacated, we therefore conclude that a peremptory writ of mandate issue directing the trial court to forthwith vacate its order made and entered on August 15, 1960.

Let the peremptory writ of mandate issue.

Schottky, J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.