[Civ. No. 8243.   Fourth Dist., Div. One.   Dec. 19, 1966.]

JULIA C. THOMPSON, Plaintiff and Respondent, v. HARLEY THOMPSON, Defendant and Appellant.

Jack B. Tenney, Cecil W. Collins and Matthew E. Hennes for Defendant and Appellant.

Leon W. Rosenberg for Plaintiff and Respondent.

COUGHLIN, J.—By order dated March 13, 1962, the trial court, in the instant divorce action, ordered defendant to pay plaintiff the sum of $150 per month as alimony and the further sum of $250 per month for support and maintenance of the two minor children of the parties; and awarded custody of the children to plaintiff with right of visitation by defendant.

On November 30, 1964, following a hearing instituted by an order to show cause why the foregoing alimony award should not be terminated and the custody order modified, the court, by a minute order, decreed among other things, as follows:

"1. Support payments for children each reduced and modified by the sum of $25.00 making the support payments $100.00 for each child.

"2. Alimony payments reduced and modified by the sum of $50.00 making the alimony payments $100.00 per month."

Defendant, in his affidavits in support of the order to show cause, alleged he was unable to make the monthly $150 alimony payment to plaintiff but that he could make the $250 monthly payment for the support of his children. At the hearing plaintiff testified respecting the needs of herself and her children, and defendant testified as to his inability to make the $400 monthly payment directed by the order which he sought to have modified by striking the $150 payable to plaintiff.

On April 2, 1965, plaintiff moved for an order directing issuance of a writ of execution in an amount premised upon the claim the part of the order of November 30, 1964, reducing the child support payments "is void as being in excess of the jurisdiction" of the court. On May 10, 1965, in response to this motion, the court made the following order as recorded in its minutes:

"1. The order of November 30, 1964, insofar as it reduces the amount to be paid for child support is hereby ordered vacated.

"2. That portion of the order reducing the alimony payment from $125.00 per month to $100.00 per month is ordered vacated.

"3. Execution is ordered issued on May 14, 1965 for the sum of $612.50 as of March 18, 1964 unless defendant can prove by affidavit that all or some portion thereof has been paid."

On May 12, 1965, by minute order, the court directed that Paragraph 2 of the foregoing order be stricken "as being an error" and stated: "The order regarding reduction of alimony shall be the same as entered in the order of Nov. 30, 1964."

On May 14, 1965, defendant procured an order to show cause seeking a further reduction in the alimony and support payments. The record before us does not show what disposition was made respecting this order to show cause.

Defendant appealed from the order of May 10, 1965; the order of May 12, 1965; and an order which, in his notice of appeal, is identified as a minute order entered on June 1, 1965 "entitled Ruling on Divorce—OSC re Modification." Apparently the latter order refers to a disposition of the order to show cause issued on May 14, 1965, and heard on May 25, 1965.

Defendant, by his brief or otherwise, has not asserted any ground or authority for reversal of the order of June 1, 1965. Under these circumstances, his appeal therefrom must be deemed abandoned (*Eistrat* v. *Irving Lumber & Moulding, Inc.*, 210 Cal.App.2d 382, 391 [26 Cal.Rptr. 520]; *Guillory* v. *Godfrey*, 134 Cal.App.2d 628, 634 [286 P.2d 474]; *Estate of Scott*, 90 Cal.App.2d 21, 24 [202 P.2d 357]), and the order should be affirmed.

Defendant contends the order of May 10, 1965, even as corrected, should be reversed because that part thereof vacating the order of November 30, 1964, reducing the child support

payments was error, and the remaining part thereof directing issuance of the writ of execution was for a sum premised in part upon the unmodified award of child support.

■ An order may not be vacated except upon direct attack unless inadvertently made, incorrectly entered, or is void on its face. (*Minardi* v. *Collopy*, 49 Cal.2d 348, 353 [316 P.2d 952]; *Bowman* v. *Bowman*, 29 Cal.2d 808, 814 [178 P.2d 751, 170 A.L.R. 246]; *Estate of Burnett*, 11 Cal.2d 259, 262 [79 P.2d 89]; *Stevens* v. *Superior Court*, 7 Cal.2d 110, 112 [59 P.2d 988]; *Lankton* v. *Superior Court*, 5 Cal.2d 694, 695-696 [55 P.2d 1170].) ■ Plaintiff's attack upon the modificatory order of Nov. 30, 1964, through her motion for a writ of execution was collateral and not direct. As thus asserted, her attack was premised upon the contention the order was void because in excess of the jurisdiction of the court which, in turn, was premised upon the contention the scope of the hearing resulting in the order was limited to the issue of alimony and did not include the issue of child support. Although the order to show cause instituting the hearing for modification was directed to the alimony award, which defendant sought to have terminated, his affidavits and the testimony at the hearing presented the issue of his ability to pay the full $400 per month required of him by the dual alimony and child support awards; asserted he could pay $250, which was the amount of the child support award; but was unable to pay an additional $150 which was the amount of the alimony award; and for this reason sought termination of the latter. On the issue of need the plaintiff offered her testimony respecting expenses she was required to incur for herself and for the children. In some instances the expense items were directed to the satisfaction of the mutual needs of both plaintiff and the children. The scope of the issues thus presented concerned defendant's ability to pay the amount required by both the child support and alimony awards and the needs of both plaintiff and the children. As a consequence, an order modifying the amount payable under either of these awards was proper. Thus, the court's determination that the payments defendant was required to make to plaintiff should be reduced in the total sum of $100 by reducing the amount of the child support by the sum of $50 and reducing the amount of the alimony award by a like sum, was within the scope of the issues presented by the pleadings and the evidence. (Cf. *Anderson* v. *Anderson*, 129 Cal.App.2d 403, 407 [276 P.2d 862]; *Beaulac* v. *Beaulac*, 84 Cal.App.2d 649, 650 [191 P.2d 478].)

■ Upon a contested motion for modification of an alimony or child support and maintenance award, the court may grant whatever relief appropriately is within the scope of the proceedings as determined by the prayer of the motion, the affidavits of the parties with respect thereto, and the evidence produced at a hearing thereon without objection. (Gen. see *Estrin* v. *Superior Court,* 14 Cal.2d 670, 678 [96 P.2d 340]; *Haight* v. *Stewart,* 36 Cal.App. 514, 519 [172 P. 769].) The facts in the case at bench are not similar to those in *Lansdale* v. *Lansdale,* 173 Cal.App.2d 432 [344 P.2d 622], relied upon by plaintiff, where the matter before the court at the time it made an order, on its own motion, modifying prior decrees, did not concern the issues raised by a motion to effect such modification and the affidavits or evidence before the court did not concern such issues.

■ Furthermore, even if that part of the order of Nov. 30, 1964, reducing the child support payments was improper, because it exceeded the relief requested by defendant as stated in the order to show cause, it was not in excess of jurisdiction. The court had jurisdiction of the parties and the subject matter; was authorized to modify the child support award theretofore made; and any alleged impropriety in the modificatory order at the most constituted an error in the exercise of jurisdiction. (Gen. see *Warner* v. *Warner,* 34 Cal.2d 838, 840 [215 P.2d 20]; *Parker* v. *Parker,* 203 Cal. 787, 792 [266 P. 283]; *In re Sargen,* 135 Cal.App. 402, 408 [27 P.2d 407].) Under these circumstances, the order was not void on its face, and could be corrected or vacated only by direct attack. (*Greene* v. *Superior Court,* 55 Cal.2d 403, 405 [10 Cal.Rptr. 817, 359 P.2d 249]; *Minardi* v. *Collopy, supra,* 49 Cal.2d 348, 353; *Estrin* v. *Superior Court, supra,* 14 Cal.2d 670, 678; *In re Sargen, supra,* 135 Cal.App. 402, 408.)

■ Plaintiff, in apparent recognition of the fact the vacating order may not be sustained upon the ground the order vacated was in excess of jurisdiction as contended in her motion for a writ of execution, on appeal claims the vacating order is supported on the theory the court concluded the order it vacated had been made inadvertently. This contention is not supported by the record. The vacating order did not recite any inadvertence in making the order vacated and there is no evidence supporting any such inadvertence. Absent any recital or showing of inadvertence, the vacating order may not be sustained upon this ground. *Minardi* v. *Collopy, supra,* 49 Cal. 2d 348, 353; *Drinkhouse* v. *Van Ness,* 202 Cal. 359, 370 [260 P.

869] ; *Mills Sales Co.* v. *Gonzales,* 146 Cal.App.2d Supp. 899, 903 [304 P.2d 274].)

The trial court in the case at bench, as the trial court in *Greene* v. *Superior Court, supra,* 55 Cal.2d 403, attempted to correct an alleged judicial error in a prior order, which in fact did not exist, by vacating the order when the alleged error was asserted in a collateral proceeding.

As the order of May 10, 1965, should be reversed, the correcting order of May 12, 1965, also should be reversed.

The orders of May 10, 1965, and May 12, 1965, are reversed. The order of June 1, 1965, is affirmed. Each party will bear his or her costs on appeal.

Brown, P. J., and Whelan, J., concurred.