Filed 5/9/16  Taubman v. U.S. Bank, N.A., Trustee CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| ANNE C. TAUBMAN et al., | B267154 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BP066539) |
| v. | |
| U.S. BANK, N.A., Trustee, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Maria E. Stratton, Judge.  Reversed and remanded.

Glaser Weil Fink Jacobs Howard Avchen & Shapiro LLP, Barry E. Fink and Elizabeth G. Chilton for Defendant and Appellant.

No appearance for Plaintiffs and Respondents.

_____

In what should have been the final chapter of a long story, the probate court was presented with the request for an order finalizing the proceedings. Through a series of procedural problems, the court made an order, but then entered a judgment that did not reflect its ruling. Although trustee U.S. Bank promptly sought correction, the steps necessary to resolve the problem were not taken in a timely manner. As the record clearly demonstrates that the order should be vacated, we reverse, and remand for the probate court to enter an order consistent with its ruling.

### FACTUAL AND PROCEDURAL SUMMARY

In light of the fact that this appeal involves an order as to which there is no dispute, the factual summary relates only to the events surrounding that order.

On July 6, 2012, U.S. Bank, the Trustee of The Janice L. Taubman 1990 Revocable Trust (Trustee), filed a petition to wind up the trust, pay legal fees and expenses, approve the Trustee's accounting, distribute assets, and permit the Trustee to resign. The Trustee filed a supplement to the petition on September 4, 2012, providing further information as to distributions that had been made. After the hearing on the petition was continued, the Trustee filed a second supplement to the petition, providing additional information about distributions and supplementing the accounting.

The court heard the petition on December 23, 2014, and issued a ruling on February 2, 2015. That ruling, however, did not include information provided in the supplements to the petition, and appeared instead to rely on superseded probate notes. The Trustee sought clarification in a filing made on February 13, 2015. Beneficiary Anne Taubman[1] also objected to the February order, and agreed that it failed to address the recent filings. The court heard her motion on April 14, 2015, and denied it on May 28, 2015. The court granted the Trustee's motion for clarification in an order dated July 6, 2015.

---

[1]     There are two beneficiaries of the trust, Anne Taubman and her brother Richard Taubman. In this opinion, we will use Taubman to refer to Anne, as the judgment at issue was filed on her behalf.

Although Taubman had affirmatively asserted that the February 2 order did not reflect recent developments in the case, she submitted a proposed judgment based on that order. That proposed judgment was inconsistent with the July 6 ruling, but favorable to her financial position. The Trustee timely filed an objection.

On July 23, 2015, the court signed the proposed judgment submitted by Taubman, notwithstanding the inconsistency between that judgment and the July 6 order. Taubman promptly served notice of entry, and demanded satisfaction of the judgment.

The Trustee moved to vacate the judgment on August 5, 2015; Taubman opposed the motion. The court set the matter for hearing, and stayed enforcement of the judgment. The motion to vacate was argued on August 17, 2015, and the court took the matter under submission. Because the time to appeal the judgment was expiring, the Trustee filed this appeal on September 28, 2015.[2]

The probate court issued a minute order on November 2, 2015, granting the Trustee's petition and its request the July judgment be vacated. The court acknowledged that the February 2 order had been based on outdated notes, confirmed the July 6 order, and confirmed that the judgment had been signed in error. The court ordered the Trustee to submit a new proposed judgment.

The court signed the order vacating the prior judgment on November 20, 2015 and the Trustee lodged a proposed judgment on December 15, 2015. The court has not entered the new judgment.

## DISCUSSION

At the time the Trustee filed its motion to vacate the judgment, and at the time of the hearing, the probate court had the jurisdiction and the authority to act on the judgment. However, after the Trustee filed the notice of appeal on September 28, 2015, the court was divested of jurisdiction.

---

[2] While Taubman acknowledged throughout these proceedings that the February order was inconsistent with the facts that existed at that date, she nonetheless declined to agree to ask the court to vacate the judgment premised on that order, and insisted this appeal was required. Taubman did not file a respondent's brief on appeal.

3

As in other civil cases, a probate court generally loses jurisdiction to act with respect to a judgment on appeal. (*Kane v. Superior Court* (1995) 37 Cal.App.4th 1577, 1584.) In limited circumstances, defined by Probate Code section 1310, subdivision (b), the trial court may retain jurisdiction to make orders to prevent injury or loss; this exception, however, is narrowly construed. (*Gold v. Superior Court* (1970) 3 Cal.3d 275, 282 [exception requires "an affirmative showing . . . of extraordinary circumstances involving potential loss or injury"].) The Trustee made no showing below, nor has it argued here, that the exceptional circumstances required to invoke this authority are present in this case.

The Trustee is correct, however, in arguing that at the time the motion to vacate was filed and heard, the court did have both the jurisdiction, and the authority, to vacate a judgment that did not conform to the terms of its own order. A court "has the inherent power to correct clerical errors in its records so as to make those records reflect the true facts. (*In re Candelario* (1970) 3 Cal.3d 702, 705.) "[A] trial court has power to correct mistakes and to annul orders and judgments inadvertently or improvidently made." (*Bastajian v. Brown* (1941) 19 Cal.2d 209, 214 (*Bastajian*).) While a court cannot amend a judgment to correct judicial error, that the error here was clerical, and thus within the court's authority, cannot be disputed.

First, we look to the court's own statement as to its intent in making the new order; it is the court making the order that is in the best position to know that intent. Here, the court made clear that the July judgment was not reflective of its order, and was signed in error.

Next, reviewing the nature of the claimed error, where the minute order, which is evidence of the intent of the decision, is inconsistent with the judgment, we may infer the error was in signing the judgment, and thus clerical in nature, rather than an error in the ruling itself. (*Bastajian, supra*, 19 Cal.2d at pp. 210-215.)

The Trustee urges us to confirm the authority of the probate court to vacate the judgment in this case and to enter a new judgment that conforms to the actual order of the court. Citing the cases permitting a court to correct clerical error, the Trustee ignores the

4

critical fact in this case: at the time the court ordered the judgment vacated, the Trustee had already appealed that judgment, divesting the court of the authority to take the action the Trustee sought. However, because it is clear from the record, from the positions taken by the parties in the probate court, and from the court's own rulings that the merits of this matter have been resolved, we will reverse the judgment signed in error and remand the matter so that the probate court may enter the judgment it ordered prepared on November 2, 2015.

## DISPOSITION

The judgment is reversed and the matter remanded for entry of a judgment consistent with the court's order of November 2, 2015, and for any further proceedings consistent with this opinion. Appellant shall recover its costs on appeal.


ZELON, Acting P. J.


We concur:


SEGAL, J.


BLUMENFELD, J.[*]


---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.