[Civ. No. 2962.   Fourth Dist.   Oct. 5, 1942.]

W. W. ADAMS, Appellant, v. LEORA E. SCHMOKER et al., Respondents.

William L. Waters for Appellant.

Forgy, Reinhaus & Forgy and A. M. Bradley for Respondents.

BARNARD, P. J.—This action arose out of a collision between an automobile driven by the plaintiff and another car owned by the defendants and driven by Mrs. Schmoker. A jury returned a verdict in favor of the defendants and the plaintiff has appealed from the judgment.

The collision occurred at the intersection of two country roads. Mrs. Schmoker was driving north on one road with the intention of making a right-hand turn and proceeding easterly on the other road. As she reached the intersection she stopped, looked both ways and, putting her car in low gear, entered the intersection and proceeded to make a right-hand turn. As she entered the intersection and was making this turn the Adams car was approaching the intersection from the west. Adams testified that he saw the other car as it approached the intersection; that he was 100 to 150 feet away from the intersection or ''some place like that'' when the other car stopped; that he turned his attention to another car which was coming toward him; that he did not

again see the Schmoker car until he was "alongside" it; and that he then could not see the front of that car but "could only see the body of it by looking across my car out the right-hand window." The right rear fender of the Adams car caught the left end of the front bumper of the Schmoker car, breaking off the left half of that bumper. The Adams car rolled over and landed in a ditch some sixty feet away, while the Schmoker car stopped practically where the collision occurred, the tire marks indicating that its front wheels had skidded five inches to the right. All witnesses agree that the Schmoker car was moving very slowly at the time of the accident; that it was upon the southerly half of the road upon which it was turning or had turned; that the Adams car was traveling about forty-five miles an hour through the intersection; that the Schmoker car remained practically at the point of impact; that Mrs. Schmoker did not see the Adams car; and that the Schmoker car had either completed or almost completed the right-hand turn at the time of the impact. It also appears from the testimony of all eyewitnesses except Adams that there was no other vehicle near enough to this intersection to have had any effect upon the accident, and that he had ample room to pass to his left of the Schmoker car.

The appellant makes no contention that the evidence, if believed, is not sufficient to sustain the verdict, but it is argued that the testimony of Mrs. Schmoker and her son, who was riding with her, is so incredible that it must be disregarded. It is argued that it is incredible that the Adams car could have come up behind the other car after it had completed its turn and, in passing that car, have missed its rear end but cut in and hooked its front bumper. While a part of the respondents' evidence indicated that their car had completed its turn, a large part of that evidence was to the effect that that car was being turned at the time in question and that the turn had almost but not quite been completed. Under such circumstances, it is not inherently unreasonable or incredible that the left front bumper of a turning car should be caught by the right rear fender of another car which passed too close or which cut in too soon. It is also argued that the mere hooking of this bumper by the appellant's right rear fender could not have had the effect of causing the appellant's car to swerve, bounce and roll over. This involves many factors, including the speed of the Adams

car and the reactions of its driver, and common experience teaches us that there is nothing impossible or incredible in such a thing resulting from a comparatively slight collision of moving vehicles. It is further argued that it is not credible that Mrs. Schmoker's son, who was riding in the front seat of her car, could have seen the Adams car shortly before the impact and yelled a warning to his mother "unless the boy turned his head clear around and looked through the back window," and that it is not to be believed that Mrs. Schmoker looked to the west, after she stopped, without seeing the Adams car. There is nothing to even indicate that the boy could not have seen the other car, and that one driver did not see another car when it might have been seen is not entirely unknown in collision cases. Several other instances in which the testimony is said to be incredible are set forth, which need not be repeated here. Nothing appears in the evidence which can be held as a matter of law to be incredible, and the entire question was one of fact for the jury.

A motion for a new trial was not passed upon by the trial judge within the time allowed, with a resulting denial by operation of law. The appellant contends that a new trial should have been granted because the affidavits presented not only show due diligence but disclose newly discovered evidence which was material and which indicates that the result would be different on a new trial. It may first be observed that the showing of due diligence is not very strong. One of the witnesses now desired to be produced was a witness at the trial and no reason appears why the evidence he would now give was not then available. Two other such witnesses are traffic officers who visited the scene of the accident shortly after the collision, and no valid reason is given for failing to call them. With respect to the other witnesses now sought to be produced, it appears that the appellant discovered them through advertisements in newspapers after the trial was concluded. No reason is given for not having earlier used this method which later proved effective. (*Putnam* v. *Pickwick Stages,* 98 Cal. App. 268 [276 Pac. 1055].)

With respect to its substance, the testimony which it is now sought to produce is merely cumulative and it does not appear that it could reasonably be expected to change the result. So far as material to the facts of the case, the main thing the appellant thinks he could establish by these new witnesses is that the point of impact of the two vehicles was within the intersection and not a few feet easterly therefrom.

A part of the respondents' evidence was to the effect that their car had completed the turn and was proceeding easterly on the other road and had actually gotten ten or fifteen feet out of the intersection. Other portions of the respondents' evidence is to the effect that the car had almost but not quite completed the turn, and indicates that the point of impact was within the intersection although near its easterly edge. The exact point of impact is by no means controlling, and a reading of the record does not indicate that any testimony in that regard could be reasonably expected to affect the result. The offered testimony would be cumulative in connection with the conflicts which already existed and could not greatly affect either the issue of negligence or contributory negligence. The important consideration was the manner in which the two cars were being operated at the time, and not the exact point where the impact occurred. On the question of negligence, the record indicates that the preponderance of the evidence was in favor of the respondent. On the other hand, while it was a question of fact, contributory negligence on the part of the appellant quite clearly appears from his own testimony. The entire question was one of fact and it neither appears that the trial court abused its discretion in failing to grant a new trial nor that this court is warranted in setting aside the verdict and allowing the appellant an opportunity to retry issues which seem to have been fairly and correctly decided.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.