[Civ. No. 3856.   Fourth Dist.   Jan. 26, 1949.]

KATHERINE RAINES, Respondent, v. WILLIAM DAMON, Appellant.

Alexander L. Oster for Appellant.

Roland Thompson for Respondent.

MUSSELL, J.—Defendant appeals from an order correcting a judgment and from the judgment *nunc pro tunc* entered thereon.

This is an action for forcible entry and detainer. The trial court, in the judgment, erroneously decreed that plaintiff and defendant were the owners as tenants in common in the real property described in the complaint therein. A motion was made to vacate, set aside or correct the judgment on the grounds of mistake, inadvertence and excusable neglect of the attorney for plaintiff and that the judgment was void, contained clerical errors and was signed and filed through inadvertence of the court. After a hearing on the motion, a *nunc pro tunc* judgment was filed reciting the errors and eliminating that portion relating to the tenancy and ownership of the property.

There were three actions filed. The first, *Damon* v. *Raines,* No. 45658, was an action to quiet title in which Damon sought to impress a trust in his favor as to a one-half interest in the property in Orange County, known as the La Paz Apartments. The second, *Raines* v. *Damon,* No. 46575, was an action to compel defendant to account for rentals alleged to have been collected by him from the same property; and the third was *Raines* v. *Damon,* No. 47059, for forcible entry and detainer. The actions were by stipulation consolidated for trial and defendant Damon prevailed in all three. A new trial was granted in the quiet title suit. After the time for appeal had passed, but within six months after the judgment, this motion was filed in action No. 47059.

It appears from the affidavit of Roland Thompson that he was associated with Powell & Banyard at the time of the trial

and is now sole attorney for plaintiff Raines; that it was stipulated at the trial that there would be no evidence to establish a cause of action in the instant case, No. 47059, and that in the event judgment should be in favor of the plaintiff in the quiet title action, No. 45658, the court would thereupon deny any relief to plaintiff in this action, but if judgment was in favor of defendant in action No. 45658, then plaintiff would be entitled to a writ of ejectment in the detainer case; that the proposed findings and judgment in the instant case were never served upon him and that he did not receive notice of entry of judgment; that a proposed settlement was discussed with the attorney for Damon up to and including the hearing of the motion for a new trial in the action to quiet title; that when the new trial was granted affiant learned for the first time that judgment had been rendered in the instant case; that after the written opinion of the court, attorneys Powell & Banyard were relieved from any further responsibility in the three cases and were ordered to transmit all files in reference thereto to affiant; that all papers in said action were served upon Powell & Banyard and that affiant took it for granted, in view of the stipulation made in court, that no formal findings would be filed in this action; that had affiant known of the findings and judgment he would also have filed a motion for new trial herein; that the title to the premises described in the complaint was not in issue in the present action; that affiant believed, in view of the stipulation of the parties, that no evidence would be offered in the instant case; that no findings would be filed and that a stipulated judgment would be entered and filed denying plaintiff relief in this action; that after the granting of the motion for a new trial in the quiet title action, affiant and the attorney for Damon, who had been appointed as receiver by the court, were continuing discussions as to the management of the property when affiant first learned that Damon claimed an interest in the property by reason of the first judgment; that the court signed the judgment herein in the first instance through inadvertence; that it does not speak the truth, is void and does not conform to the order made by the court. Robert Powell, one of the attorneys for plaintiff Raines, stated in his affidavit that at the trial, counsel for all parties stipulated that the decision in the present action would be contingent upon the decision in case No. 45658 and that no evidence would be introduced in action No. 47059 and that judgment should be in favor of the

prevailing party in action No. 45658; that he had no recollection of receiving proposed findings, judgment, or notice of entry thereof in the instant action. In an affidavit filed by counsel for Damon it was stated that service by mail of the findings, judgment, and notice of entry thereof, was made on attorneys Powell & Banyard; that the negotiations for settlement referred to in the Thompson affidavit were not entered into for the purpose of having the statutory time for appeal elapse.

Appellant's sole argument is that the trial court had no jurisdiction to enter the *nunc pro tunc* judgment or to amend a judgment which had become final.

It is conceded that judicial error which occurs in the rendition of orders or judgments which are the fault of an exercise of judicial discretion may not be corrected except by statutory procedure (*Stevens* v. *Superior Court,* 7 Cal.2d 110 [59 P.2d 988]), and that a trial court upon its own motion has jurisdiction to correct mistakes in its orders and records which are not actually the result of the exercise of judgment. (*Estate of Burnett,* 11 Cal.2d 259, 262 [79 P.2d 89].) ██ But if the first judgment herein was entered through the inadvertence or improvidence of the trial court, it had the power, independent of statute, to correct the mistake by amending or setting aside the judgment. (*Phillips* v. *Trusheim,* 25 Cal.2d 913, 916 [156 P.2d 25].) ██ The recital in the *nunc pro tunc* judgment that the former judgment was rendered through inadvertence, clerical error and mistake, is not always controlling. However, the trial judge has full power in the first instance to determine the character of the error, and his conclusion, in the absence of a clear showing to the contrary, is final (*Carpenter* v. *Pacific Mut. Life Ins. Co.,* 14 Cal.2d 704, 708 [96 P.2d 796]; *Bastajian* v. *Brown,* 19 Cal.2d 209, 215 [120 P.2d 9]), and where, as here, the record is sufficient to show that questions of title were not to be decided in the instant action and the parties stipulated in open court to that effect, the judgment did not express the intention of the court or the parties.

In the minutes of the court containing the order for judgment for plaintiff there was no indication that the court intended to include in the judgment a determination of questions involving title to the property. ██ While the minute order was not the judgment or decision of the court it may be considered as evidence of the intent of the court as to the decision, findings and judgment he intended ultimately to

make. (*Bastajian* v. *Brown, supra,* p. 215.) The court's order for the entry of a judgment *nunc pro tunc* contained a recital that the prior judgment was void in part in that it purported to decree that plaintiff and defendant were owners as tenants in common as to an undivided one-half interest in the property involved, and that since the action was for forcible entry and detainer the judgment should be corrected to decree only those matters properly cognizable in said action. ■ The right to possession alone was involved in the summary proceeding and the title could not be therein litigated. (*Cheney* v. *Trauzettel,* 9 Cal.2d 158, 159 [69 P.2d 832]; *Bekins* v. *Trull,* 69 Cal.App. 40 [230 P. 24].) It·is apparent to us that the court did not intend to include the recitals affecting title to the property in its first judgment.

■ The motion herein was made under the provisions of section 473 of the Code of Civil Procedure. Such motions are addressed to the sound discretion of the trial court, and the exercise of that discretion, in the absence of a clear showing of abuse, will not be interfered with by an appellate tribunal. (*McNeil* v. *Blumenthal,* 11 Cal.2d 566, 567 [81 P.2d 566].)

■ On appeal from an order granting relief, under section 473 of the Code of Civil Procedure, it will be presumed that the trial judge believed the statement of facts as presented by the moving party and if any doubt exists it should be resolved in favor of the application to set aside the order to the end of securing a trial on the merits of the case. (*Carter* v. *Shinsako,* 42 Cal.App.2d 9, 11 [108 P.2d 27].)

We find sufficient substantive evidence in the record to support the order and judgment of the court and that there was no abuse of discretion shown.

Judgment and order affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 24, 1949. Edmonds, J., and Schauer, J., voted for a hearing.