102 Cal.App.2d 260 (1951)
Estate of CHRISTIAN F. REIHS, Deceased. HERMANN WEINMANN, Appellant,
v.
ATTORNEY GENERAL, as Successor to the ALIEN PROPERTY CUSTODIAN OF THE UNITED STATES, Respondent.
Civ. No. 17913. 
California Court of Appeals. Second Dist., Div. One. 
Feb. 13, 1951.
 George T. Goggin and Pierce Lonergan for Appellant.
 Harold I. Baynton, Assistant United States Attorney General, Director, Office of Alien Property; Ernest A. Tolin, United States Attorney, Valentine C. Hammack, Special Assistant *262 to United States Attorney General, George B. Searls and Joseph Laufer, Attorneys, Department of Justice, Washington, D. C., for Respondent.
 DRAPEAU, J.
 Christian F. Reihs, a citizen of the United States and a resident of Los Angeles County, died testate on November 24, 1946. His will was admitted to probate and respondent bank qualified as executor.
 The will made certain bequests to residents of the United States, as well as to certain charitable institutions. Among them was a legacy of $1,000 to petitioner, Hermann Weinmann, a half-cousin of testator and his nearest of kin in the United States.
 In addition to several bequests to charitable institutions in Germany, the testator left $5,000 to Mrs. Elsa Reiss Strobel. The entire residue which consisted of personal property, he gave in equal shares to his two nephews, Carl and Gustav Reiss. The three named persons survived testator, and all reside in the city of Schorndorf, Wuerttemberg, Germany, which has been included within the American Zone of Occupation since the collapse of Germany in 1945.
 By his vesting order of October 9, 1947, the Attorney General of the United States as successor to the Alien Property Custodian has taken these interests in the estate. He also appears herein for the German charitable institutions whose interests he has refrained from vesting.
 The instant petition for determination of interest in decedent's estate which was filed September 30, 1948, alleges in substance that on November 24, 1946, when the testator died, American citizens had no right to take property or receive payment from German estates. Therefore, that the German charitable institutions and the three German legatees, above mentioned, are ineligible to take under section 259 of the Probate Code.
 That section conditions the right of a nonresident alien to inherit upon the existence of a reciprocal right on the part of American citizens to inherit in the country of which the alien is a national.
 Accordingly, petitioner as the testator's next of kin, claims all the property bequeathed to the German legatees. The attorney general, denying the asserted absence of reciprocal inheritance rights for American citizens in Germany and relying on his vesting order, seeks distribution to himself of the legacies to the three German citizens. *263
 Among others, the trial court found that under the German laws of inheritance in effect at the time of testator's death, "and still in force, title to an estate accruing in Germany passes by force of law as of the time of decedent's death to the person or persons designated by will or by the law of succession, regardless of nationality, domicile, or residence of said distributee or distributees."
 "XI. That under the laws, proclamations and regulations issued and promulgated by the Allied Control Council for Germany and the Military Government for Germany, United States Zone, or otherwise, the German laws of inheritance, under which title to an estate accruing in Germany passes by force of law as of the time of decedent's death to the person or persons designated by will or by the law of succession, regardless of nationality, domicile or residence of such distributee or distributees, have remained in full force and effect."
 "XII. That under the German laws of inheritance existing as of the date of the death of decedent, to wit: November 24, 1946, the right to receive an inheritance followed the right to inherit the same."
 As a conclusion of law from the facts found, the court held that petitioner had "failed to sustain the burden of establishing that the laws of Germany do not grant reciprocal rights to inherit upon the same terms and conditions as residents and citizens of Germany." Accordingly, it was adjudged that the German charitable institutions and the attorney general, as successor in interest to the three German nationals named as legatees, were entitled to distribution of the bequests made to them under the will.
 Petitioner appeals from the final decree thereafter entered.
 On November 24, 1946, the date of death of testator, section 259, supra, read as follows:
 "The right of aliens not residing within the United States or its territories to take real property in this State by succession or testamentary disposition, upon the same terms and conditions as residents and citizens of the United States is dependent in each case upon the existence of a reciprocal right upon the part of citizens of the United States to take real property upon the same terms and conditions as residents and citizens of the respective countries of which such aliens are residents and the right of aliens not residing in the United States or its territories to take personal property in *264 this State by succession or testamentary disposition, upon the same terms and conditions as residents and citizens of the United States is dependent in each case upon the existence of a reciprocal right upon the part of citizens of the United States to take personal property upon the same terms and conditions as residents and citizens of the respective countries of which such aliens are residents. It shall be presumed that such reciprocal rights exist and this presumption shall be conclusive unless prior to the hearing on any petition for distribution of all or a portion of such property to an alien heir, devisee or legatee not residing within the United States or its territories a petition is filed by any person interested in the estate requesting the court to find that either one or both of such reciprocal rights does not or do not exist as to the country of which such alien heir, devisee or legatee is resident. Upon the hearing of such petition the burden of establishing the nonexistence of such reciprocal right or rights shall be upon the petitioner. Notice of such hearing shall be given in the manner provided by Section 1200 of this code." (Stats. 1945, p. 2208, ch. 1160. In effect Sept. 15, 1945.)
 The question presented for decision is whether on November 24, 1946, when the testator died, the law of Germany accorded to American citizens a "reciprocal right" to take personal property by will or succession "upon the same terms and conditions as residents and citizens" of Germany, pursuant to the terms of the above quoted section.
 Appellant here urges that the trial court erred and exceeded its jurisdiction in making the findings of fact, hereinabove quoted, and the conclusions of law based thereon.
 In this connection, it is argued that after the unconditional surrender of May 8, 1945, Germany was occupied by an international organization known as Military Government for Germany. By agreement the inhabitants were governed by the Allied Control Council under a uniform rule applying to the whole of the former German territory. That as a result, such military government and the laws promulgated to carry out its purposes "controlled the legal substantive rights of the aliens in this case to property, internal and external, in the occupied territory; that under the form of government to which these aliens were subject, the aliens in this case were not granted legal substantive vested rights or interests to property, including property in estates, in the State of California or elsewhere." *265
 In other words, the establishment of such military government in Germany effected an abrogation of all vested rights theretofore existing under German civil law, including the right of inheritance.
 In support of this theory, appellant introduced in evidence international agreements, government proclamations and various Military Government laws for the United States Zone, all of which are now before this court as exhibits in the case.
 Appellant also called as an expert witness, David Brandon Bernstein, Esq., a California attorney admitted to the Bar in 1926, who was a Military Government officer and a Military Government Court Judge at Kassel and Frankfurt, Germany, from March of 1945 until October of 1948.
 This witness in his early testimony stated that three military government laws prevented American citizens from succeeding to estates in Germany, to wit: MGUS Laws, 52, 53 and 59. However, he stated that on November 24, 1946, certain of the German courts were functioning, and that they "used the German Code, the German laws which were in existence prior to occupation, and which were not repealed, changed or modified by Military Government," referring specifically to the Fifth Book, of the German Civil Code, relating to inheritance. Also, that the Military Government Courts did not exercise jurisdiction over the laws of succession or inheritance in Germany and did not administer them, except in the interpretation of Law 52 or 53.
 Law 52 authorized the blocking and control of properties of nonresident citizens of the Allied nations, including Americans. Its language indicates that its aim is to preserve and not to destroy the interests and property of nonresidents, and although it may prevent immediate enjoyment thereof, it does not affect the right of inheritance, as such. Mr. Bernstein ventured the opinion that under this law "the right to an inheritance is not interfered with," but the American heir cannot take possession of the property without a license from Military Government under Law No. 53, the Foreign Exchange Control Law, and "then Military Government may or may not grant that license. That is discretionary."
 The object of Law 59 was to return to the victims of Nazi persecution the properties of which they had been deprived by duress and other unlawful means. In any event, that law affected American and German citizens alike, and Mr. Bernstein so testified. *266
 Article II of Proclamation No. 2 of Military Government dated September 19, 1945, provided that German law in force at the time of the occupation, except as theretofore abrogated suspended or modified by Military Government or the Control Council, should apply in each area of the United States zone of occupation until repealed or superseded by a new law enacted by the Military Government.
 As heretofore mentioned, Wuerttemberg, the residence of legatees is within the United States Zone of Occupation.
 Nowhere in Mr. Bernstein's testimony did he point to any specific military government legislation which changed or modified the German laws of inheritance. In fact the only repealing legislation brought to the attention of the trial court was that contained in Respondent's Exhibit 22-a: Law No. 1 of Control Council which expressly repealed those "laws of a political or discriminatory nature upon which the Nazi regime rested."
 Respondent's witness Dr. Karl Von Lewinski, a national of Germany, also qualified as an expert on German law. He studied law in this country at Harvard and Columbia Law Schools and in 1907 was appointed a judge of the County Court at Berlin where he served for a year and a half. For the next 10 years he was an assistant in both the Prussian Department of Justice and the Federal Department of Justice and also a Justice of the Court of Appeals of Berlin. From 1922 to 1932 he served in the United States as German Agent for the Mixed Claims Commission, Consular of the German Embassy and Consul General in New York. Upon his return to Germany in 1932 he practiced law in Berlin until within three months of the trial herein, specializing in probate law.
 He testified that he had handled four to five hundred cases in which Americans had inherited estates in Germany and vice versa: that before the war the right to inherit was recognized and the assets transferred; that the German inheritance laws are contained in the German Civil Code, Fifth Book, and that article 154 of the Weimar Constitution enacted in 1919 recognized and guaranteed the right to inherit in accord with the Civil Code. Also, at the time here in question, there were no other laws in Germany having any bearing on the right of inheritance.
 Article 154 of the Constitution and sections 1922 to 1942, inclusive, of the Fifth Book of German Civil Code, Law of Inheritance, Order of Succession, were identified by the witness and translations thereof were introduced in evidence. *267
 With respect to the pertinent sections of the Civil Code, this witness testified that no distinction is made between nationals of Germany and foreigners, including American citizens; that under the German laws of inheritance any foreigner may succeed to an estate in Germany on the same terms as a national of that country.
 When asked: "... the civil code relating to inheritance as set forth in the Fifth Book, is that in existence in Germany today?" appellant objected on the ground that an enemy alien is not entitled to testify in courts of this State and moved to strike the testimony. The court thereupon denied the motion and overruled the objection. The witness answered the question as follows: "The German Civil Code as it existed before the war is still in force, with changes, with amendments, which have been made by Military Government legislation." He was then asked to state "whether or not the Military Government had made any changes which have repealed, abrogated or suspended any of the German laws of inheritance, as set forth in the Fifth Book and as set forth in the Government Exhibit containing Sections 1922 to 1942, inclusive?" To this he replied: "The Fifth Book of the Civil Code, particularly the sections mentioned by counsel, 1922 to 1942, have not been changed by Control Council legislation. ... And they are still in force." He further gave as his opinion that under German law, a German national and foreigners, including American citizens, all inherit on the same terms and conditions.
 Dr. Von Lewinski was then interrogated by the trial court as follows:
 "By the Court: Q. Doctor, as you know, the Court is here concerned with the question of a right of aliens, not residing within the United States, to take either real or personel property, or the proceeds thereof, in this estate (Sic) by succession or testamentary disposition, and that is governed by Section 259 of our Probate Code, and the question before me is to determine: Did there exist on November 23, 1946, in the Province of Wuerttemberg ... a reciprocal right upon the part of citizens of the United States to take real and personal property and the proceeds thereof upon the same terms and conditions as residents and citizens of Wuerttemberg. ... Now, this question is really reasonably simple. We will reduce it down to the elemental question and I will ask you then whether or not a nephew or nephews named as residuary *268 legatees in a last will and testament who were United States citizens would have the right to inherit under that will property ... of the decedent, the testator, located in the state of Wuerttemberg, Germany?"
 "The Witness: According to the German inheritance law, the inheritance passes to persons who are either appointed heirs by the last will of another person, or to those persons who according to the law of succession will succeed to the estate as heirs. The German law speaks of persons when it speaks of the heirs of the decedent. The German inheritance law does not make any difference between the nationals of Germany or of any other country. As I said, it speaks only of persons. The law of inheritance was in force at the time of the decedent's death. Under the law American citizens are appointed heirs. The inheritance passed and by virtue of the German inheritance law at the time of death to the heirs. That means the title passed to the heirs because they had the right to inherit."
 [1] The foregoing resume discloses amply sufficient evidence to support not only the findings of fact objected to by appellant, but as well the conclusions of law based thereon, particularly "That on the date of death of the decedent, Christian F. Reihs, to-wit: November 24, 1946, there existed under the laws of Germany a reciprocal right upon the part of citizens of the United States to take by inheritance personal property or the proceeds thereof, upon the same terms and conditions as residents and citizens of Germany."
 [2] As was so aptly stated in the very recent case of Estate of Schluttig, 36 Cal.2d 416, 424 [224 P.2d 695]: "Considering the nature of the evidence before the trial court, it is clear that the issue to be determined involved questions as to the existence, translation, interpretation and effect of the laws of Germany and Austria. Upon these subjects the superior court heard highly conflicting testimony by experts upon the laws of those countries and their application under given circumstances. The determination of the issue, therefore, was one of fact, and the finding of the trial court, if supported by substantial evidence will not be disturbed on appeal."
 Appellant cites as error the ruling of the trial court which placed the burden of proof under section 259, Probate Code, upon the petitioner.
 This question is settled by the holding in Estate of Giordano, 85 Cal.App.2d 588, 590 [193 P.2d 771]. It is there pointed *269 out that said section 259 was added to the code in 1941, and remained in effect until September 15, 1945, when it was amended (Stats. 1945, ch. 1160). It was again amended effective as of September 19, 1947 (Stats. 1947, ch. 1042). In the cited case it was said: "It thus appears that at the time of the death of the deceased, and up to September 15, 1945, the burden of proving such reciprocal rights rested on the foreign alien heir, or in this case, the Alien Property Custodian who represented her. Commencing on September 15, 1945, and to September 19, 1947, the burden of proof rested on Anna Maria Fino (petitioner). The enactments effective on September 19, 1947, returned the burden of proving reciprocal rights to the foreign heir, or, here, the Alien Property Custodian."
 [3] Under the terms of the statute as of the date of death of testator here, November 24, 1946, the burden of proof was upon petitioner. Hence, there was no error in the ruling.
 [4] With respect to appellant's claim that section 259, supra, is unconstitutional by reason of conflict with the Constitution of the United States, in that it attempts to grant rights which have been reserved to the federal government, our Supreme Court in Palermo v. Stockton Theatres, Inc., 32 Cal.2d 53, 64 [195 P.2d 1], stated as follows: "Subsequent to our granting a hearing in this case, the Supreme Court of the United States, in Clark v. Allen (1947), 331 U.S. 503 [67 S.Ct. 1431, 91 L.Ed. 1633, 1638, 170 A.L.R. 953], rejected a similar contention with reference to section 259 of the California Probate Code. It was there held that although under the provisions of the state law the right of a nonresident alien to take property in California by will or succession depends upon a reciprocal right of United States residents and citizens to take property in such alien's country, and although the existence of such reciprocal right depends in part at least upon treaties between the government of the United States and that of the particular foreign country involved, the California statute is 'not unconstitutional as an extension of state power into a field of foreign affairs exclusively reserved to the federal government, and that California has not entered into the forbidden domain of negotiating with a foreign country or of making a compact with it contrary to article I, section 10, of the federal Constitution.' (Estate of Knutzen 1948), 31 Cal.2d 573, 577 [191 P.2d 747]; see also Estate of Bevilacqua (1948), 31 Cal.2d 580, 582 [191 P.2d 752].)" *270
 [5] As has been stated repeatedly, a reviewing court will not interfere with the action of the trial court in denying or granting a motion for new trial, unless a manifest and unmistakable abuse of discretion appears. (Jordan v. Schrieber, 74 Cal.App.2d 800, 805 [169 P.2d 394].) No abuse of discretion has been shown here.
 This cause was fully and fairly tried, and no errors appear in the record. The findings and judgment are amply supported by the evidence.
 For the reasons stated, the judgment appealed from is affirmed. The purported appeal from the order denying motion for new trial is dismissed.
 White, P. J., and Doran, J., concurred.