[L. A. No. 21493.  In Bank.  May 11, 1951.]

Estate of LUIGI COSTA, Deceased.  LORENZO COSTA et al., Appellants, v. ROYAL S. RIDDLE, as Administrator, etc., et al., Respondents.

Joseph D. Taylor for Appellants.

Alfred F. Baughn for Respondents.

SHENK, J. — Luigi Costa, a resident of Los Angeles County, died on February 19, 1947, leaving his wife, Peggy Rita Costa, who died on May 23, 1948. On January 17, 1949, Luigi's administrator filed a final account and report, and a petition for distribution of the whole estate to Peggy's executor. On February 4th the latter filed objections to the account. The hearing was set for February 14th and was

continued to February 28th. The continued hearing was called at 10 a. m. on February 28th and at that time a supplemental final account and petition was filed together with a stipulation withdrawing objections and agreeing that the account be settled and that distribution be ordered in accordance with the account and petition as amended and supplemented. A minute order was entered accordingly.

The foregoing proceedings were taken at the Long Beach Department of the Superior Court in Los Angeles County. The time when the hearing would be had on February 28th appeared only in the register of actions in Los Angeles. The entry in the register was that the matter was set for 2 p. m. of that day. At that appointed time Lorenzo Costa and Carmela Costa, residents of Italy, claiming to be the brother and sister of the decedent Luigi Costa, through their attorney, filed objections to the distribution of the estate to the widow on the ground that they were entitled to a share thereof. The attorney then learned that the account and petition for distribution had been called and heard at 10 o'clock that morning. On March 3d he filed a notice of motion pursuant to section 473 of the Code of Civil Procedure to set aside the orders as premature. On the same day the court on its own motion set aside the minute order of February 28th, and continued the hearing on the final account and petition for distribution to March 28th at 10 a. m. Prior to that hour on that day a petition to determine heirship and interest in the estate was filed on behalf of Lorenzo and Carmela Costa and the hearing thereon was noticed for May 23, 1949. At the hearing on that day oral and documentary evidence was offered on the petition to determine heirship. Objections to birth, marriage and death certificates on the ground that they were not properly authenticated pursuant to section 1918, subdivision 8 of the Code of Civil Procedure were taken under advisement by the court, and the hearing continued to June 6th to provide opportunity for counsel to submit proof of reciprocity between the United States and Italy as to the distribution rights of the claimants. On June 7th the court denied the petition to determine heirship, denied the motion to set aside the orders of February 28, overruled the objections to the final account and petition for distribution, approved the report and account as supplemented and ordered distribution to the widow's estate. Findings of fact and orders were made and entered accordingly. A motion for a new trial was denied. Lorenzo and Carmela Costa appealed from the

order entered on the denial of their petition to determine heirship and from the order entered on the petition for distribution.

The respondents urge in support of the orders of June 7 that the court had no power to vacate the order of February 28, 1949, in that it was set aside for the correction of judicial as distinguished from clerical error.

There is no merit in the contention. ▮ It is settled by abundant authority in this state that the court has inherent power either on its own motion, or on ex parte application, or on notice, to set aside an order or judgment taken through its own inadvertence or mistake; that a prematurely entered order is such an inadvertence, and that application pursuant to section 473 of the Code of Civil Procedure is not necessary. (*Holtum* v. *Greif,* 144 Cal. 521, 524-525 [78 P. 11] ; *Whitney* v. *Superior Court,* 147 Cal. 536 [82 P. 37] ; *Robson* v. *Superior Court,* 171 Cal. 588, 591-593 [154 P. 8] ; *Treat* v. *Superior Court,* 7 Cal.2d 636, 640 [62 P.2d 147] ; *Phillips* v. *Trusheim,* 25 Cal.2d 913, 916 [156 P.2d 25] ; *Harris* v. *Minnesota Inv. Co.,* 89 Cal.App. 396 [265 P. 306] ; *Raines* v. *Damon,* 89 Cal. App.2d 812, 815 [201 P.2d 886]. The latest expression in this respect by this court is contained in the recent case of *Key System Transit Lines* v. *Superior Court,* 36 Cal.2d 184 [222 P.2d 867]. ▮ It cannot be questioned in the present case that since the matters were scheduled to be heard at 2 p. m. of February 28th, the hearing and orders occurring and made at 10 a. m. of that day were premature and inadvertent. The court properly exercised its inherent power in setting aside those orders when attention was called to the inadvertence. ▮ The contentions respecting the denial of the motion pursuant to section 473 and the appellants' failure to appeal from that order are of no moment inasmuch as the order of March 3d setting aside the orders of February 28th was within the court's power. ▮ There is likewise no merit in the respondents' contention that the petition for determination of heirship was filed too late. The setting aside of the orders of February 28th reopened the pending objections, permitted the filing of appellants' objections to distribution, and therefore continued the time within which the petition to determine heirship could be filed. (Prob. Code, § 1080; Stats. 1931, p. 657.) The argument of respondents that the time within which the petition could be filed was closed on February 28th by reason of the court's orders pursuant to

the morning hearing of that day erroneously assumes the lack of power in the court to set aside those orders for inadvertence. ■ Because of the pending objections the estate was not in a condition to be closed within the meaning of section 1080 of the Probate Code.

The court therefore had jurisdiction to hear the objections and the petition to determine heirship and to make findings and decide the issues thus raised. The court concluded that the appellants were not entitled to succeed to the estate or to share in the distribution thereof. ■ Thereby the court resolved adversely to the appellants both issues submitted, namely, whether the claimants were heirs of Luigi Costa and whether there were reciprocal rights existing between the United States and Italy as required by section 259 of the Probate Code pursuant to which distribution to them could be ordered. Support for either finding is sufficient to sustain the orders denying the petition to determine heirship and directing distribution.

■ On the record the court could properly conclude that there was not sufficient evidence to support the appellants' claims. The documentary evidence needed to substantiate the claims was deficient for the purpose. As hereinbefore noted the birth, marriage, and death certificates were not authenticated as required by section 1918, subdivision 8 of the Code of Civil Procedure. There were unexplained differences in names which it is not necessary to note in detail. There was no connection in the proof between the persons named in the various certificates and the decedent except that afforded by the affidavit of Carmela Costa who was one of the claimants, and the oral testimony of one witness who stated that the decedent had mentioned a brother named Lorenzo and a sister named Carmela. The court afforded ample opportunity to procure the documentary proof but the appellants preferred to rely on a claimed identity of persons from an identity of names. A conclusion of lack of relationship was justified on the showing made. There was also ample time within which the appellants might direct the court's attention to possible treaties or to other conditions of the reciprocal relations with Italy which would support a conclusion that they had the right to a share of the estate. No contention is now made that there exists any basis for a conclusion that the reciprocal rights existed. If it be assumed that at the time here involved the burden was on Peggy's executor to prove that such reciprocal rights did not exist

(see *Estate of Reihs,* 102 Cal.App.2d 260, 268 [227 P.2d 564]) it does not necessarily follow that some evidence was not required to be submitted by the petitioners in the heirship proceeding to support their claim.

The appellants failed to establish their claim which was heard on the merits after the orders of February 28th were set aside.

The orders appealed from are affirmed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Appellants' petition for a rehearing was denied June 7, 1951.