[Civ. 18396, 18397, 18617. Second Dist., Div. Two. Apr. 9, 1952.]

JACOB RUBIN, Respondent, v. DAVID DANIEL De LAO et al., Appellants.

David G. Kling for Appellants.

Melvin Simon and Richard G. Rattner for Respondent.

MOORE, P. J.—Here is the record of an unfortunate episode in the life of Jacob Rubin. He was a pedestrian, 52 years of age at 9:15 p. m. on March 2, 1949. While in the act of crossing Alvarado Street, a north-south thoroughfare in Los Angeles, he was run down by appellant. The latter, driving westerly on 12th Street, came to a stop at Alvarado. It was dark; the streets were paved, wet and sleek. As respondent stood on the southwest corner ready to cross Alvarado to its east side, he observed appellant's car approaching Alvarado at a distance of about a half block to the east. Its headlights were visible over 200 feet away. Giving signal for a left turn, appellant started westward in low gear. When he had almost completed the turn, respondent, clad in dark clothes, having started easterly with the green light, suddenly loomed before appellant about 6 feet west of the vehicle. Respondent had not continued to watch the car as he started to make the crossing. He testified he saw it next when it was within 2 feet of him in the crosswalk. Basing the decision upon its determination of the

facts proved, the court, evidently under the misapprehension that findings had been waived, entered judgment in favor of respondent. Appellant made his motion for a new trial. At the time of hearing that motion, appellant insisted that he had not waived findings. The court ordered the motion off calendar and granted respondent's request to vacate the judgment. While appellant was appealing from the first judgment (Appeal No. 18396) and from the order vacating it (Appeal No. 18397) the court prepared and filed its findings that defendant did so negligently operate his automobile as to cause it violently to strike and collide with respondent, knocking the latter down. Judgment was entered upon such finding awarding damages to respondent. From that judgment comes the instant appeal. (No. 18617.) The second motion for a new trial based upon the second judgment was duly denied.

By these appeals appellant seeks first a reversal of the order setting aside the first judgment. Also, he demands a reversal of the second judgment on three grounds, to wit: (1) the court had no jurisdiction to vacate the first judgment and to order the preparation of findings and entry of the second judgment; (2) error in denying a new trial on the ground of newly discovered evidence; (3) plaintiff's actions constituted contributory negligence as a matter of law.

The recital in the first judgment that findings were waived was merely a clerical error. ■ Where some provision of, or omission from, an order or judgment as rendered was due to the inadvertence or mistake of the court it is properly treated as a clerical misprision rather than as a judicial error. (*Morgan* v. *State Board of Equalization,* 89 Cal. App.2d 674, 677 [201 P.2d 859].) ■ Accordingly, the court had inherent power either on its own motion, or on ex parte application, or on notice, to set aside the erroneous judgment signed through inadvertence. (*Estate of Costa,* 37 Cal.2d 154, 157 [231 P.2d 17]; *Morgan* v. *State Board of Equalization, supra,* p. 677.)

The asserted basis of appellant's motion for a new trial was that he had newly discovered evidence. It consisted of the pleadings in a suit filed by respondent Rubin against Clifton's Cafeteria for damages resulting from personal injuries allegedly suffered by Rubin. The complaint in that action alleged damages which substantially duplicated the claims made in the instant suit against De Lao. Appellant

does not claim that he had evidence that the Clifton suit was a fraudulent attempt of respondent to collect money from an innocent party. Neither does he aver that the instant action was fraudulent. ■ But conceding the discovery to have been proof of a vicious attempt by respondent to abuse the processes of the court for illegal gain the motion was properly denied for the reason that appellant had utterly failed to show that by the exercise of reasonable diligence he could not have discovered the existence of the complaint against Clifton prior to the trial. (Code Civ. Proc., § 657(4).) The Clifton suit was filed on September 10, 1949, some eight months before the trial of the present action. From that fact it is clearly inferable that appellant did not use due diligence or exert himself in the least to ascertain the existence of that record. Seaching court records is a popular method of acquainting a litigant with the true character or the evil practices of his adversary.

■ The third proposition advanced as the basis for a reversal of the judgment is that the evidence of respondent's conduct compels a finding that he was guilty of contributory negligence as a matter of law. Although in the absence of a brief on behalf of respondent we are privileged to accept as true the statement of facts appearing in appellant's brief (Rules on Appeal, rule 17(b)) yet the record reveals that respondent's actions do not necessarily indicate negligence on his part. The established facts prove that respondent was struck in a crosswalk by appellant's vehicle while respondent was attempting to cross Alvarado Street. Respondent admitted having seen the automobile when it was approximately one-half block east of Alvarado. There was further testimony that respondent stated that he had seen the car commence the left-hand turn, but that he apparently proceeded easterly in the crosswalk on the assumption that appellant would yield the right of way.

While such evidence could have sustained a determination that respondent was negligent in proceeding forward as he did, the reviewing court cannot say that the trier of fact necessarily must as a matter of law have derived such finding. The instances in which it must be held that one is guilty of contributory negligence as a matter of law are extremely rare. Only when we conclude that reasonable minds could not conscientiously have found to the contrary will the reviewing court interfere with the findings of the trier of facts. (*Anthony* v. *Hobbie*, 25 Cal.2d 814, 818 [155 P.2d

826].) Inasmuch as reasonable minds would not be required to make a determination contrary to the findings of the trial court, interference with the judgment would not be warranted. (See Veh. Code, § 560a.)

Order and judgment affirmed. Appeal from first judgment (18396) dismissed.

McComb, J., and Fox, J., concurred.

A petition for a rehearing was denied April 29, 1952.