[Civ. No. 29759. First Dist., Div. Three. Dec. 6, 1972.]

THE PEOPLE ex rel. DEPARTMENT OF WATER RESOURCES, Plaintiff, v.
LOUIS GIANNI et al., Defendants and Appellants;
JOHN SAICH et al., Defendants and Respondents.

**COUNSEL**

McDonough, Holland, Schwartz, Allen & Wahrhaftig and Alfred Nelson for Defendants and Appellants.

Colin Peters and Beverly A. Gregerson for Defendants and Respondents.

No appearance for Plaintiff.

## Opinion

**CALDECOTT, J.**—This is an action to condemn land in Contra Costa County. Respondents John Saich, Ann Saich, Robert Saich and Ralph Saich were the owners and lessors of the land. Appellants Louis Gianni and Giovanni Sani were the lessees under a crop and share lease. The action was filed on April 17, 1967. The state obtained an order of immediate possession on August 24, 1967, and took possession of the property on August 30, 1967. The state elected a bifurcated trial under Code of Civil Procedure section 1246.1.[1]

Before trial, a settlement was reached between the state and the appellants and respondents. A stipulation for judgment and judgment in condemnation were filed April 7, 1970 setting a total award of $270,000 and was without prejudice to the apportionment phase of the action. A "final order of condemnation" was filed on April 28, 1970.

The apportionment phase of the action began on March 30, 1970. On June 15, 1970 the trial judge stated his preliminary findings of fact and conclusions of law. He found a ten-and-one-half-year lease with a three-year option, and ruled against the appellants' claim of an additional two-year oral option. This would mean that the lease terminated in May 1970. He found that title vested in the state when the final order of condemnation was recorded and that no taking occurred before that time. He further found that only those with an interest in the land at the time of the judgment would be entitled to share in the award. As appellants' lease had expired, according to the findings, before the final order they would receive no share of the award, but would be entitled to a share of the interest as compensation for loss of possession. He also held that there was no jury question presented.

Appellants requested findings of fact and conclusions of law but this request was denied on the basis of the waiver of findings in the first phase of the action. Apparently, the court after issuing the preliminary findings of fact and conclusions of law mentioned above, did not sign them. A motion to correct the judgment to include the apportionment was filed. The order to vacate "final order of condemnation" was filed on April 28, 1970 and order re correction of judgment was filed. On November 2, 1970 the final order of condemnation was filed. The final order directed the appellants to pay the respondents $33,481.49, the excess over their award from $40,000 they had withdrawn. The appellants have appealed from that part of the

---

[1]All references to code sections are to the Code of Civil Procedure unless otherwise noted.

judgment apportioning the condemnation award and from that part of the final order of condemnation apportioning the award and ordering defendants lessors to recover from the appellants' $33,481.49. The state is not a party to the appeal.

> *Must the lessee have an interest in the real property at the time the final order of condemnation is filed to be able to participate in the award?*

This case involved the application of the 1961 amendments to a leasehold interest in the event of immediate possession. Before the 1961 amendments, the law provided for the vesting of title on the taking of possession. This was changed by the amendments to provide that title vests in the condemning authority with the recording of the final order of condemnation. (See Code Civ. Proc., § 1253.)

The fact of prior possession by the state does not terminate the appellant's leasehold interest, any more than it terminates the landowner's interest. ■ Under an order of immediate possession, the incidents of ownership, including any leasehold interest, are taken by the condemning agency, but title does not vest until the recording of the final order of condemnation. Thus, as an interest of the lessees' was taken, they are entitled to have it assessed for purposes of compensation and damages.

Appellants maintain that they should be compensated for their leasehold interest as of the date of the issuance of summons. Section 1249[2] provides that compensation shall be deemed to have accrued at the date of the issuance of summons if the case is tried within one year after the date of the commencement of the action. If not tried within the year, compensation is deemed to have accrued at the date of trial. As this case was not tried within the year after the issuance of summons the date of valuation of the interest taken is the date of trial. (§ 1249.) ■ The date of trial referred to in section 1249 is determined at the time of the first trial and in the event of a subsequent retrial or retrials, once having become fixed, it remains the

[2]Section 1249 provides: "For the purpose of assessing compensation and damages the right thereto shall be deemed to have accrued at the date of the issuance of summons and its actual value at that date shall be the measure of compensation for all property to be actually taken, and the basis of damages to property not actually taken but injuriously affected, in all cases where such damages are allowed as provided in Section 1248; provided, that in any case in which the issue is not tried within one year after the date of the commencement of the action, unless the delay is caused by the defendant, the compensation and damages shall be deemed to have accrued at the date of the trial. No improvements put upon the property subsequent to the date of the service of summons shall be included in the assessment of compensation or damages."

same. (*People* v. *Murata,* 55 Cal.2d 1, 10 [9 Cal.Rptr. 601, 357 P.2d 833].) The exact date of termination of the lease will have to be determined on retrial. The termination of the lease, however, before or after the final judgment is not material to the lessees' right to compensation.

■ As appellants had an interest in the property which was taken by the state there is no question but that they are entitled to be compensated and such is required by both the state and federal Constitutions. (See art. I, § 14 of the Cal. Const.; Fourteenth Amend. to the U.S. Const.)

■ Appellants further contend that they are entitled to separate compensation for the asparagus plants under section 1248b.[3] A reading of the section, however, discloses that it is a limited section applying only to "[e]quipment designed for manufacturing or industrial purposes." While asparagus plants may serve an analogous function, they do not fall within this statute. They are, however, part of the realty taken. Civil Code sections 658 and 660 state that a thing is part of the realty "when it is attached to it by roots, as in the case of trees, vines, or shrubs." The value of the plants is computed in determining the value of the realty taken, and should be reflected in the award for the leasehold.

### *Are the order re correction of judgment and the final order of condemnation valid?*

The trial courts have full power to correct any clerical error at any time. The test is whether or not the challenged judgment was made or entered inadvertently or advertently. Inadvertent errors include signing a judgment that covers unintended areas. (*Bastajian* v. *Brown,* 19 Cal.2d 209 [120 P.2d 9]; *McLellan* v. *McLellan,* 23 Cal.App.3d 343, 358 [100 Cal.Rptr. 258].) In *Raines* v. *Damon,* 89 Cal.App.2d 812 [201 P.2d 886], judgment was rendered that included decisions in areas that by stipulation were not to be covered. ■ In the present case appellants are arguing that the first judgment foreclosed areas that by stipulation and statute were reserved for a later, separate determination. This was held clerical error in *Raines.*

Under this test the order re correction of judgment is valid. At the time the original judgment was signed, provision was not made for the subsequent apportionment phase and thus covered more ground than intended by the stipulation.

The final order of condemnation is not proper until after the judgment

---

[3]Section 1248b provides: "Equipment designed for manufacturing or industrial purposes and installed for use in a fixed location shall be deemed a part of the realty for the purposes of condemnation, regardless of the method of installation."

has been made and complied with. (*Lincoln Northern Ry. Co.* v. *Wiswell*, 8 Cal.App. 578, 581 [97 P. 536]; *People* ex rel. *Dept. Public Wks.* v. *Loop*, 161 Cal.App.2d 466, 479-480 [326 P.2d 902]; Code Civ. Proc., § 1253.)

█ In this case the first final order was issued after the first phase of a bifurcated proceeding. The statute is clear that the two phases are part of one proceeding. (Code Civ. Proc., § 1246.1.) The first final order was therefore premature and void as issued without jurisdiction.

### *Was the appellants' request for findings of fact and conclusions of law properly denied?*

█ During the first phase of the action, all parties waived findings of fact and conclusions of law. In the second phase, the appellants requested findings, but the court held that the waiver during the first phase bound them. This was error.

Code of Civil Procedure section 632 requires findings of fact and conclusions of law only if requested by one of the parties. In the present case the parties waived findings for the first phase of the action. Black's Law Dictionary defines waiver as "the intentional or voluntary relinquishment of a known right." In the present case there was a bifurcated proceeding simultaneously before two judges. It would be unrealistic to say that the waiver in one phase submitted on stipulation was an intentional or voluntary waiver in the other litigated phase.

The court was presented with new issues of fact and law, independent of the first phase. The request for findings was made well before the final judgment was made, and within the period under statute. In the absence of a jury, findings of fact and conclusions of law should have been made.

### *Were the appellants entitled to a jury trial on the issue of apportionment?*

█ The right to a jury trial in condemnation proceedings goes only to the amount of compensation (*People* v. *Russell*, 48 Cal.2d 189, 195 [309 P.2d 10]), but this includes the apportionment stage of a bifurcated trial. (*Redevelopment Agency* v. *Penzner*, 8 Cal.App.3d 417, 425 [87 Cal.Rptr. 183]; *Costa Mesa Union Sch. Dist.* v. *Security First Nat. Bk.*, 254 Cal. App.2d 4, 13 [62 Cal.Rptr. 113].) In the present case the judge denied a jury trial because he held as a matter of law that the appellants had no interest to be compensated. As discussed above, this theory is erroneous, and on remand appellants will be entitled to a jury trial on the compensation for their leasehold.

*Was the trial court correct in holding that there was no two-year oral option?*

There is some discussion in the briefs of an additional two-year option. Both briefs also state that the issue is not essential to the appeal. ■ In California unexercised options are considered in establishing the value of the leasehold. (*State of California* v. *Whitlow,* 243 Cal.App.2d 490, 496 [52 Cal.Rptr. 336].) If the option's existence is proven on retrial, it should be so considered by the jury.

The judgment is reversed.

Draper, P. J., and Brown (H. C.), J., concurred.

A petition for a rehearing was denied January 5, 1973, and the petition of the defendants and respondents for a hearing by the Supreme Court was denied January 31, 1973.