[Civ. No. 23457.   Second Dist., Div. Three.   Aug. 28, 1959.]

DYSON LANSDALE, Appellant, v. KATHRYN
LANSDALE, Respondent.

Glenn A. Lane for Appellant.

No appearance for Respondent.

SHINN, P. J.—On January 23, 1951, in a default action,
appellant Dyson Lansdale was awarded a final decree of
divorce from respondent Kathryn and the custody of two
minor children.   On October 14, 1957, Kathryn through
counsel gave notice of a motion for an order vacating the
interlocutory and final decrees upon the grounds that she
had never been served with process and that the final decree
had been obtained through fraud perpetrated upon her and

the court. The motion was presented December 11, 1957, upon affidavits of respondent and counteraffidavits and was denied. However, in the same hearing the court of its own motion made a further order modifying the decrees by awarding custody of the children to respondent and ordering appellant to pay her $150 per month for the support of the children, a like amount for her own support and to pay her attorney $300 "as attorney's fees on order to show cause re child support." Dyson appeals from the provisions of the order other than the denial of the motion.

It appears that proceedings had been instituted by respondent for modification of the decrees with respect to the custody of the children and support money and that it was intended to bring those matters on for hearing after a ruling on the motion to vacate the decrees.

The only matter before the court on December 11th was the motion for an order vacating the decrees. The affidavits related solely to that issue. No evidence was received with respect to any proceeding to modify the decrees or for attorney's fees. Those issues were not presented to the court for decision; upon the contrary, the hearing was expressly limited to the issues presented by the attack upon the decrees.

The court was without jurisdiction to modify the decrees upon its own motion. Custody of the children could not have been taken from appellant and awarded to respondent without a hearing upon notice and satisfactory evidence that the welfare of the children would be better served by a change of custody. (*Washburn* v. *Washburn*, 49 Cal. App.2d 581 [122 P.2d 96].) The court was without jurisdiction to award attorney's fees except in a hearing upon notice and the receipt of evidence showing necessity for the same.

The portions of the order appealed from are reversed.

Wood (Parker), J., and Vallée, J., concurred.