[Civ. No. 9831. Third Dist. Oct. 27, 1960.]

SHIRLEY IRENE WEST, Respondent, v. RICHARD BARBER WEST, Appellant.

Howard P. Welch and Jesse E. Fluharty for Appellant.

D. Jack Darley for Respondent.

PEEK, J.—This is an appeal by defendant Richard West from that portion of an order of the trial court modifying the custody and support provisions of a final decree of divorce. Plaintiff Shirley West was granted an interlocutory decree of divorce from Richard in April 1957. That judgment incorporated in its terms an agreement between the parties relative to the support and custody of their four minor children. By its terms Shirley was given custody of two of the children and Richard received custody of the remaining two. He was further ordered to pay $100 a month in support for the two children in Shirley's custody. Like provisions were incorporated in the final decree, which was filed in the month of June 1958.

In August 1958, Richard, by an order to show cause, sought to have the decree modified as to the amount of the support payments and following a hearing thereon, the payments were reduced to $75 a month. Thereafter, Shirley sought to have Richard held in contempt because of his failure to pay to her the amounts due under the previous orders of the court. The contempt matter was heard on December 8, 1958, and on January 30, 1959, the court made and entered its order wherein it held that the evidence plainly indicated defendant was in contempt, but noted the difficulty Richard would have, because his income was not large, in making the payments as previously ordered, and continued the matter until February 9, 1959. Following that hearing, the court, on February 11, 1959, found Richard to be in contempt by his failure to comply with the order requiring him to pay $75 a month in support for the two children in Shirley's custody. However, the court again continued the contempt proceeding until March 9, 1959, and allowed the defendant to purge himself of contempt by making the January and February payments in full. Also

included in this order was the following: "The court specifically reserves the right, on March 9, 1959 at 10:00 A.M., to modify the decrees of divorce herein by giving custody of all four children to plaintiff and ordering defendant to pay $37.50 each for the support of said four children if the terms of the present order are not complied with."

After numerous continuances, the matter was finally determined on April 16, 1959. In its order the court held Richard in contempt and further ordered that: "Because of said contempt and based on all the records in this case, the Court hereby modifies the order of custody in the decrees of divorce to provide the custody of all four children be given to plaintiff forthwith, . . ." The present appeal is solely from this portion of the order.

There can be no question but that the proceedings before the trial court were all relative to the alleged contempt of the defendant for failure to pay the amount awarded plaintiff for the support of the two minor children in her custody. No evidence whatsoever was introduced before the court relative to the ". . . best interest of the child in respect to its temporal and its mental and moral welfare; . . ." (*Clarke* v. *Clarke,* 35 Cal.2d 259, 261 [217 P.2d 401].) As noted in that case: "It is the welfare of the child and not the shortcomings of the respective parents which is determinative." (P. 262.) In custodial proceedings the rule is well established that: "The court, in revising or modifying its decree, proceeds upon new facts considered in connection with the facts formerly established, the change of circumstances, the conduct of the parties, and the best interests of the child." (*Crater* v. *Crater,* 135 Cal. 633, 634 [67 P. 1049]; *Prouty* v. *Prouty,* 16 Cal.2d 190 [105 P.2d 295]; *Holsinger* v. *Holsinger,* 44 Cal.2d 132 [279 P.2d 961].)

 As previously noted, all of the proceedings taken subsequent to the entry of the final decree were in relation to the failure of defendant to pay the amounts ordered for the support of the two children in the custody of the plaintiff. Even assuming, but not deciding, that the question of modification of the custodial provisions of the decree was properly before the court, nevertheless, the record is wholly devoid of any evidence to support the order of the trial court. (*Lansdale* v. *Lansdale,* 173 Cal.App.2d 432 [344 P.2d 622].)

The judgment is reversed.

Van Dyke, P. J., and Schottky, J., concurred.